UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COMMERCIAL FUNDING LLC | ) | |
| | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| | ) | |
| V. | ) | 3:25-CV-00330 (OAW) |
| | ) | |
| STEPHEN McCULLOUGH | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | MARCH 7, 2025 |

## EMERGENCY MOTION TO REMAND AND SUPPORTING BRIEF

Pursuant to Local Civil Rule (LRCP) 7(a)(6) and 28 U.S.C. §1447, Plaintiff Commercial Funding, LLC ("Commercial Funding") moves to remand this action to the Connecticut Courts. This motion should be treated as a brief pursuant to LRCP 7(a)(1) in case this court believes this matter involves disputed issues of law.

This is one of many cases *pro se* Defendant Stephen McCullough ("McCullough") has brought in state[1] and federal court[2] to contest the validity of the Town of Rocky Hill's tax

---

[1] McCullough v. Rocky Hill, HHB-CV23-5033551-S, McCullough application to return excess proceeds HHB-CV24-5035376-S, Rocky Hill v. McCullough HHB-CV24-6084243-S, McCullough v. Rocky Hill, AC-47717, Commercial Funding v. McCullough, AC-48502 and Commercial Funding v. McCullough, AC-48503 and Commercial Funding v. McCullough, SC-240179.

[2] Town of Rocky Hill v. McCullough 3:24-cv-01284-KAD, Mccullough v. Town of Rocky Hill 3:23-cv-01367-KAD and Town of Rocky Hill v. McCullough 3:24-cv-01284-JAM.

deed (which is how Plaintiff gets its title to the premises[3]).
This is a summary process case where Plaintiff has a judgment of
possession against Defendant McCullough. He removed the post-
judgment summary process action pending in the Superior Court
Housing Session, *Commercial Funding, LLC v. Stephen McCullough,
et al.*, Docket No. HFH-CV24-6030117-S, and the appeal brought
from that judgment in the Appellate Court, *Commercial Funding,
LLC v. Stephen McCullough, et al.*, Docket No. AC 48503.

Both matters must be remanded because Defendant
McCullough's petition to remove is untimely and this Court lacks
subject matter jurisdiction over the case(s).

This Court should also expedite review for remand because
Defendant removed the cases solely to stall the pending state
court litigation. The case should be immediately remanded
pursuant to LRCP 83.7.


## BACKGROUND

Plaintiff Commercial Funding, LLC commenced a summary
process action in the Superior Court of Connecticut, Hartford
Housing Session, against Defendant McCullough with a writ of
summons and complaint dated June 5, 2024. *See* Exhibit 1. On

---

[3] 140 Hayes Road, Rocky Hill, Connecticut.

October 30, 2024, Plaintiff filed a two-count Revised and Restated Complaint, which is now the operative complaint. *See* Exhibit 2. Neither the original complaint nor the operative complaint contain claims under federal law.

On January 27, 2025, Plaintiff filed a Motion for Judgment of Default for Failure to Plead and Possession (Exhibit 3), which the Connecticut Superior Court granted on January 30, 2025 (Exhibit 4).

On February 13, 2025,[4] Defendant McCullough filed an Application to the Connecticut Supreme Court for an interlocutory appeal of the Housing Court's judgment in favor of Plaintiff pursuant to Connecticut General Statutes §52-265a. Chief Justice Raheem L. Mullins denied the application on February 20, 2025 without explanation (Exhibit 5).

On February 14, 2025,[5] Defendant McCullough filed a Motion for Waiver of Appellate Fees, and on February 24, 2025,[6] he filed his Notice of Appeal with the Connecticut Appellate Court challenging several orders and the Housing Session's judgment.

On March 3, 2025, Defendant McCullough moved pursuant to 28 U.S.C. §1441 for removal of the Housing Session case and "the

---

[4] Some 14 days after judgment had entered.

[5] Some 15 days after judgment had entered.

[6] Some 25 days after judgment had entered.

G:\2351 Constitution Real Estate, LLC\014 Commercial Funding, LLC V. Sam Walker Mccullough Jr And Stephen Campbell Mccullough\2nd Summary Process HFH 24 6030117\Removal\Emergency Motion For Remand.Draft.005.Docx

corresponding appellate docket" by "invok[ing]" federal question jurisdiction under 28 U.S.C. §1331, alleging, "A federal question exists arising under Art III,[ ]Sect[ ]2 Clause 1 of the U.S. Constitution relating to the 5th, 14th, 4th amendments." Plaintiff now moves for this case to be remanded to the Connecticut courts.

## ARGUMENT

### I.   Remand Is Appropriate Because the Removal Notice Is A Defective, Untimely Filing.

A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b)(1). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c).

Here, Defendant filed his removal petition on March 3, 2025, which is not within 30 days after he received a copy of Plaintiff's initial Complaint, which was served in hand on June 7, 2024.[7] See Exhibit 6-return of service. His motion for removal

---

[7] 269 days elapsed between June 7, 2024 and March 3, 2025.

is also not within 30 days after he received Plaintiff's Revised and Restated Complaint, which was mailed to him on October 30, 2024.[8]  In his November 14, 2024 Motion to Strike, he specially referred to the Revised and Restated Complaint so Defendant McCullough had actual receipt by that date. *See* Exhibit 7.

Therefore, this Court should remand the case back to the Connecticut courts because Defendant's removal petition is late.

## II.  Remand Is Appropriate Because the Court Lacks Subject Matter Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district … embracing the place where such action is pending." 28 U.S.C. §1441(a). "A state-court action may be removed to federal court only if the district court has original jurisdiction." *U.S. Bank Nat'l Ass'n v. Epps*, No. 3:25-CV-00046 (SFR), 2025 WL 68135, at *2 (D. Conn. Jan. 12, 2025. Subject matter jurisdiction "may be raised by a party, or by the court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

---

[8] 124 days elapsed between October 30, 2024 and March 3, 2025.

The Supreme Court has "long held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court." *Id.*

In *Epps*, Linda Booker removed proceedings from state-level proceedings to federal court, arguing the Connecticut Superior Court "violated her due process rights with its issuance of the Order of Execution of Ejectment." *See Epps*, 2025 WL 68135, at *1. By its own motion, the federal court held "Ms. Booker cannot remove on the basis of federal-question jurisdiction[ because] . . . [the] plaintiff's  complaint alleges only state-law grounds for eviction, so federal-question jurisdiction does not exist." *Id.* at *2. The court additionally held that diversity was not a basis for removal because Ms. Booker was a Connecticut citizen. *See id.* Thus, she could not "invoke diversity of citizenship to

remove to a federal court in her home state." *Id* and 28 U.S.C. §1441(B)(2).[9]

Here, Plaintiff Commercial Funding's complaint makes two claims for judgment of immediate possession of the premises based solely upon Connecticut General Statutes §47a-23. Both of those claims arise from Plaintiff's tax deed. At the same time, neither of Plaintiff's claims "arise under" any federal law, which means that there is no federal question jurisdiction based upon the operative complaint. Additionally, Defendant McCullough, like Ms. Booker, is a Connecticut citizen, which means he cannot remove from state court to federal court based on diversity jurisdiction.

While Plaintiff's complaint arises solely under Connecticut law, Defendant McCullough has claimed since at least November 7, 2024[10] there are constitutional issues at play here (Motion to transfer attached as Exhibit 8). What constitutional issues Defendant McCullough raises is immaterial because jurisdiction must be based upon the operative complaint. "[T]he fact that a defendant may raise federal law defenses or counterclaims does

---

[9] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants ***is a citizen of the State in which such action is brought***." [emphasis added]

[10] Some 116 days before the petition to remove was filed.

not allow the defendant to remove the case to a federal court",
*See Reale v. Providence & Worcester R.R. Co.*, 2024 WL 1327203,
at *7 (D. Conn. 2024)

Therefore, this Court lacks subject matter jurisdiction
because Plaintiff's complaint is not based upon federal law.
The removal statute will not allow a Connecticut domiciled
defendant to remove a matter from Connecticut state court.

### III. This Court Should Expedite Review For Remand Because Plaintiff Is Seeking To Stall His Pending State Litigation.

"A party may request expedited consideration by the Court
of a motion by designation the motion as one seeking 'emergency'
relief and demonstrating good cause in the motion." LRCP
7(a)(6).

In his related action with The Town of Rocky Hill, Defendant
McCullough made it clear he was "not giving up on this until the
day [he dies]." *See* Exhibit 9, page 8, lines 21-22. "This"
referred to the property Town of Rocky Hill sold to Plaintiff
Commercial Funding, LLC by a tax deed.

Since Defendant McCullough removed this underlying case to
federal court, the state litigation is now stayed without the
necessity of him posting an appellate bond under Connecticut
General Statutes §47a-35a, responding to the appellate motion to
dismiss or responding to the trial court motion to terminate the

- 8 -

appellate stay. Defendant McCullough only seeks to frustrate and prolong the inevitability of being evicted from the property he used to own, which now belongs to Plaintiff.

Defendant McCullough cannot avoid the consequences of failing to pay his taxes and then abuse the legal system holding him accountable for that failure. Defendant McCullough is using the court system to injure Plaintiff when he will be unable to compensate Plaintiff for the use and occupancy damages he is causing.

Therefore, this Court should expedite review of this case and promptly remand it to the Connecticut courts.

## CONCLUSION

For the foregoing reasons, Plaintiff Commercial Funding, LLC, moves for this matter to be promptly and immediately remanded.

Houston Putnam Lowry, Esq.
Counsel for Plaintiff Commercial Funding LLC
FORD & PAULEKAS, LLP
280 Trumbull Street - Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered on this 7th day of March, 2025 to:

Stephen Campbell McCullough
140 Hayes Road
Rocky Hill CT 06067
**ALSO VIA EMAIL - steviemcc1@yahoo.com**

Houston Putnam Lowry, Esq.

EXHIBIT 1

**SUMMONS**
**SUMMARY PROCESS (EVICTION)**
JD-HM-32  Rev. 4-19
C.G.S. § 51-348; P.B. § 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**NOTICE TO OCCUPANT(S) NOT NAMED ON THE SUMMONS**
If you claim to have a right to continue to occupy the premises you should complete and file with the clerk's office a *Claim of Exemption* (form JD-HM-3) as soon as possible. You can get the *Claim of Exemption* from the clerk at the address listed below or online at www.jud.ct.gov.

**Instructions:**
1. Type or print legibly. If you are a self-represented party, this form must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each copy of the summons must show who signed the summons and when it was signed. Also, if there are more than two plaintiffs or four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the complaint.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint.
4. After service has been made by a proper officer, file the original papers and the officer's return with the clerk of court.

For more information on Summary Process (Eviction) Cases and to find the correct court location to file this case, see Rights and Responsibilities of Landlords and Tenants in Connecticut (form JDP-HM-31) or visit jud.ct.gov/faq/landlord.html.

**For information on ADA accommodations, contact a court clerk or go to www.jud.ct.gov/ADA.**

TO: Any proper officer; by authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

Return Date *(Month, day, year) (Any day but Sundays and legal holidays)* **06/17/2024**

| | | | | |
|---|---|---|---|---|
| ☒ Judicial District | At *(Town)* | | Case Type *(From Judicial Branch code list)* | |
| ☐ Housing Session | **Hartford** | | Major **H** | Minor **00** |

Address of court *(Number, street, town and zip code)*
**80 Washington Street, Hartford, CT 06106**

Telephone number of clerk
**860-756-7920**

| Number of plaintiffs: **1** | Number of defendants: **3** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: **Commercial Funding, LLC**  Address: **Reckmeyer & Reckmeyer, LLC; P.O. Box: 271376, West Hartford, CT 06127** | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: **McCullough, Stephen Campbell**  Address: **140 Hayes Road, Rocky Hill, CT 06067** | D-01 |
| Additional defendant | Name: **Doe, John**  Address: **140 Hayes Road, Rocky Hill, CT 06067** | D-02 |
| Additional defendant | Name: **Doe, Jane**  Address: **140 Hayes Road, Rocky Hill, CT 06067** | D-03 |
| Additional defendant | Name:  Address: | D-04 |

## Notice to each defendant

1. **You are being sued** for possession of the premises you occupy.
2. This paper is a summons in a summary process (eviction) action.
3. The complaint attached to these papers states the grounds for eviction claimed by the plaintiff.
4. To respond to this summons, or to be notified of further proceedings, you or your attorney must file a form called an *Appearance* (form JD-CL-12) with the clerk at the above court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a timely written *Appearance* form, a judgment may enter against you by default. If that happens, the plaintiff will have the right to evict you from the premises.
6. You can get the *Appearance* (form JD-CL-12) at the court address above or online at www.jud.ct.gov.
7. Each court location can give you an informational pamphlet (JDP-HM-15) explaining the summary process (eviction) action and an *Answer* (form JD-HM-5) so that you may file an answer to the plaintiff's claims. You can also get the pamphlet and *Answer* form online at www.jud.ct.gov.
8. If you have questions about the summons and complaint, you should talk to an attorney promptly. The clerk of court is not allowed to give advice on legal questions; however, in Housing Session locations only, the clerk can give procedural assistance to all self-represented parties.

| Date | Signed *(Sign and "X" proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| **06/05/2024** | | ☐ Clerk | **W. Herbert Reckmeyer** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*  **Reckmeyer & Reckmeyer, LLC; P.O. Box: 271376, West Hartford, CT 06127** | Telephone number **860-333-5677** | Juris Number *(if attorney or law firm)* **442160** |
|---|---|---|
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | | Signature of Plaintiff *(if self-represented)* |
| E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed to)*  **herb.reckmeyer@rrlawllc.com** | | For Court Use Only |
| | | Receipt ☐ No Fee |

**If this summons is signed by a clerk:**

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to see that service is made in the manner provided by law.
c. The clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons and complaint.

| | | | File Date |
|---|---|---|---|

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date signed | Docket Number |
|---|---|---|---|

**RETURN DATE**: June 17, 2024      : SUPERIOR COURT/HOUSING SESSION

COMMERCIAL FUNDING, LLC      : JUDICIAL DISTRICT OF HARTFORD

**V.**      : AT HARTFORD

STEPHEN CAMPBELL
MCCULLOUGH, ET AL      : June 5, 2024

## COMPLAINT

**COUNT ONE**: (As to Stephen Campbell McCullough)

1. On October 20, 2023 at 2:27:11 pm, Plaintiff took title to certain premises located at 140 Hayes Road, Rocky Hill, CT 06067 ("Premises") by way of a Tax Deed. A copy of said Tax Deed is attached hereto.

2. Defendant occupies the Premises.

3. Defendant once had the right or privilege to occupy the Premises as he was an owner of said Premises when the Town of Rocky Hill conducted a public sale on April 20, 2023 of its tax lien placed on the Premises, but such right or privilege terminated when he was not the successful bidder at said Town's sale of the tax lien. Plaintiff was the successful bidder at said public sale.

4. At midnight of October 19, 2024, the redemption period for the tax sale expired without Defendant redeeming.  On October 20, 2024 @ 2:27:11 pm, the Town of Rocky Hill recorded the Tax Deed.  A copy of said Tax Deed is attached hereto.

5. On May 28, 2024, Plaintiff caused a notice to quit possession to be served on Defendant to vacate the Premises on or before June 3, 2024. A copy of said notice is attached hereto.

6. Although the time given in the notice to quit possession of the Premises has passed, the Defendants continue in possession of the Premises.

I hereby certify that I have personal knowledge of the Plaintiff's Financial Responsibility and deem it sufficient to pay the costs of this action.

    **WHEREFORE**, the Plaintiff claims a judgment for immediate possession of the Premises.

**COUNT TWO**: (As to Stephen Campbell McCullough)

1. On October 20, 2023 at 2:27:11 pm, Plaintiff took title to certain premises located at 140 Hayes Road, Rocky Hill, CT 06067 ("Premises") by way of a Tax Deed. A copy of said Tax Deed is attached hereto.

2.    Defendant once had the right or privilege to occupy the Premises as he was an owner of said Premises when the Town of Rocky Hill conducted a public sale on April 20, 2023 of its tax lien placed on the Premises, but such right or privilege terminated when he was not the successful bidder at said Town's sale of the tax lien. Plaintiff was the successful bidder at said public sale.

3.    At midnight of October 19, 2024, the redemption period for the tax sale expired without Defendant redeeming. On October 20, 2024 @ 2:27:11 pm, the Town of Rocky Hill recorded the Tax Deed. A copy of said Tax Deed is attached hereto.

4.    Defendant remained in possession of the Premises after October 20, 2024 @ 2:27:11 pm without Plaintiff's consent.

5.    Defendant never had the right or privilege to occupy the Premises after the recording of the Tax Deed on October 20, 2024 @ 2:27:11 pm.

6.    On May 28, 2024, Plaintiff made a notice to quit possession to be served on Defendant to vacate the Premises on or before June 3, 2024. A copy of said notice is attached hereto.

7.    Although the time given in the notice to quit possession of the Premises has passed, the Defendants continue in possession of the Premises.

8.    I hereby certify that I have personal knowledge of the Plaintiff's Financial Responsibility and deem it sufficient to pay the costs of this action.

WHEREFORE, the Plaintiff claims a judgment for immediate possession of the Premises

**COUNT THREE**: (As to John Doe and Jane Doe)

1.    Paragraph One of Count One is hereby incorporated as Paragraph One of this Count.

2.    At an unknown time, Defendants took possession of the Premises and still occupy the Premises.

3.    Defendants never had the right or privilege to occupy the Premises.

4-5 Paragraphs Five and Six of Count One are hereby incorporated as Paragraphs Four and Five of this Count.

I hereby certify that I have personal knowledge of the Plaintiff's Financial Responsibility and deem it sufficient to pay the costs of this action.

**WHEREFORE**, the Plaintiff claims a judgment for immediate possession of the Premises.

**THE PLAINTIFF,**

W. Herbert Reckmeyer, Esq.
Reckmeyer & Reckmeyer, Law
P.O. Box 271376
West Hartford, CT 06127

 **RECKMEYER & RECKMEYER**
——————— **LAW** ———————

Stephen Campbell McCullough
John Doe & Jane Doe
140 Hayes Road, Rocky Hill, CT 06067

RE:     NOTICE TO QUIT POSSESSION (C.G.S. §47A-23)

Commercial Funding LLC hereby gives you notice that you are to quit possession of the premises now occupied by you at 140 Hayes Road, Rocky Hill, CT 06067 on or before June 3, 2024 for the following reason:

As to Stephen Campbell McCullough, you once had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067, however, such right or privilege has terminated.

As to Stephen Campbell McCullough, you never had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067.

As to John Doe & Jane Doe - You never had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067.

Any payments tendered after the service of this Notice will be accepted for use and occupancy only and not for rent, with full reservation of rights to continue with the eviction action.

If you do not voluntarily vacate the premises on or before the above-termination date, it is Commercial Funding LLC's intention to commence eviction proceedings against you to recover possession of the premises. If such an eviction proceeding is commenced, you will receive notice and be given an opportunity to present a defense.

Attached you will find the Right to Counsel Notice in English and Spanish.

Dated at West Hartford, Connecticut, May 24, 2024.

Commercial Funding LLC

W. Herbert Reckmeyer, Esq.

**P.O. BOX: 271376, WEST HARTFORD, CT 06127 | (860)333-5677 EX. 3**



**eviction HELP** CT

## You are facing the loss of your home or housing subsidy.

## We are here to help.

The State of Connecticut created a **Right to Counsel** program (**CT-RTC**) to provide *free legal representation* to income eligible tenants facing eviction or loss of housing subsidy.

*The program began in a few communities on January 31, 2022 and will grow over time.*

To find out if **free legal representation** is available where you live and if you qualify call **1-800-559-1565** or visit **evictionhelpct.org**

**ONLINE LEGAL HELP** Go to ctlawhelp.org/eviction to learn about the eviction process and how to respond to eviction notices.

**2-1-1 HELPLINE** Call 211 for information and referrals for housing, utility, and food assistance or go to 211ct.org.

**GUIDE AND FORM FILLER** Go to cteviction.guide to learn about the eviction process and prepare court forms for your case.

**EVICTION PREVENTION FUND** Check your eligibility for UniteCT's Eviction Prevention Fund by visiting unitectprescreen.formstack.com/forms/eviction_prevention

---



**eviction HELP** CT

## Usted está en riesgo de perder su hogar o su subsidio de vivienda. Estamos aquí para ayudarle.

El estado de Connecticut ha creado el programa "**Derecho a un Abogado**" (**CT-RTC**, por sus siglas en inglés) con el fin de brindar representación jurídica gratuita a inquilinos de bajos ingresos que corran riesgo de desalojo o pérdida del subsidio de vivienda.

*El programa comenzó el 31 de enero de 2022 en un número limitado de comunidades y continuará expandiéndose.*

Para averiguar si usted reúne los requisitos para el programa de representación jurídica gratuita o si está disponible en su zona, llame al **1-800-559-1565** o visite **evictionhelpct.org**

**ASISTENCIA LEGAL POR INTERNET** Visite ctlawhelp.org/eviction para obtener información sobre el proceso de desalojo y cómo responder a una notificación de desalojo.

**LÍNEA DE ASISTENCIA 2-1-1** Para información y derivaciones a programas de asistencia con el alquiler, servicios públicos y alimentos, llame al 211 o visite 211ct.org.

**GUÍA PARA COMPLETAR FORMULARIOS** Visite cteviction.guide para obtener información sobre el proceso de desalojo y cómo completar los formularios judiciales.

**FONDO PREVENTIVO DE DESALOJOS** Para verificar si reúne los requisitos para recibir asistencia del Fondo Preventivo de Desalojos de UniteCT, visite unitectprescreen.formstack.com/forms/eviction_prevention

**CT-RTC is administered by the Connecticut Bar Foundation, 31 Pratt Street, Hartford, CT 06103**
**www.ctbarfdn.org**

# EXHIBIT 2

| DOCKET # HSG-HFH-CV24-6030117-S | : | SUPERIOR COURT |
| COMMERCIAL FUNDING, LLC | : | HARTFORD HOUSING SESSION |
| v. | : | |
| STEPHEN CAMPBELL MCCULLOUGH | : | OCTOBER 30, 2024 |

## REVISED AND RESTATED COMPLAINT

**COUNT ONE**: (As to Stephen Campbell McCullough)

    1.    On October 20, 2023 at 2:27:11 pm, Plaintiff took title to certain premises located at 140 Hayes Road, Rocky Hill, CT 06067 ("Premises") by way of a Tax Deed.

    2.    A true and correct copy of the Tax Deed is attached as Exhibit 1.

    3.    Defendant occupies the Premises.

    4.    Defendant once had the right or privilege to occupy the Premises as he was an owner of said Premises when the Town of Rocky Hill conducted a public sale on April 20, 2023 of its tax lien placed on the Premises, but such right or privilege terminated when he was not the successful bidder at said Town's sale of the tax lien.

    5.    Plaintiff was the successful bidder at the said public sale.

6.   At midnight of October 19, 2023, the redemption period for the tax sale expired without Defendant redeeming.

7.   On October 20, 2023 at 2:27:11 pm, the Town of Rocky Hill recorded the Tax Deed.

8.   A true and correct copy of the Tax Deed is attached as Exhibit 1.

9.   On May 24, 2024, Plaintiff caused a notice to quit possession to be served on Defendant to vacate the Premises on or before June 3, 2024.

10.  A true and correct copy of the notice to quit is attached as Exhibit 2.

11.  Although the time give in the notice to quit possession of the Premises has passed, the Defendant continues in possession of the Premises.

**COUNT TWO**: (As to Stephen Campbell McCullough)

1.   On October 20, 2023 at 2:27:11 pm, Plaintiff took title to certain premises located at 140 Hayes Road, Rocky Hill, CT 06067 ("Premises") by way of a Tax Deed.

2.   A true and correct copy of the Tax Deed is attached as Exhibit 1.

G:\2351 Constitution Real Estate, LLC\014 Commercial Funding, LLC v. Sam Walker McCullough Jr and Stephen Campbell McCullough\2nd summary process case HFH 24 6030117\Commercial Funding v. McCullough revised and restated complaint.doc

3.    Defendant once had the right or privilege to occupy the Premises as he was an owner of said Premises when the Town of Rocky Hill conducted a public sale on April 20, 2023 of its tax lien placed on the Premises, but such right or privilege terminated when he was not the successful bidder at said Town's sale of the tax lien.

4.    Plaintiff was the successful bidder at said public sale.

5.    At midnight of October 19, 2023, the redemption period for the tax sale expired without Defendant redeeming.

6.    On October 20, 2023 at 2:27:11 pm, the Town of Rocky Hill recorded the Tax Deed.

7.    A true and correct copy of the Tax Deed is attached as Exhibit 1.

8.    Defendant remained in possession of the Premises after October 20, 2023 at 2:27:11 pm without Plaintiff's consent.

9.    Defendant never had the right or privilege to occupy the Premises after the recording of the Tax Deed on October 20, 2023 at 2:27:11 pm.

G:\2351 Constitution Real Estate, LLC\014 Commercial Funding, LLC v. Sam Walker McCullough Jr and Stephen Campbell McCullough\2nd summary process case HFH 24 6030117\Commercial Funding v. McCullough revised and restated complaint.doc

10.  On May 24, 2024, Plaintiff made a notice to quit possession to be served on Defendant to vacate the Premises on or before June 3, 2024.

11.  A true and correct copy of the notice to quit is attached as Exhibit 2.

12.  Although the time give in the notice to quit possession of the Premises has passed, the Defendant continues in possession of the Premises.

– 4 –

**WHEREFORE**, Plaintiff claims a judgment for immediate possession of the premises.

> COMMERCIAL FUNDING, LLC
> PLAINTIFF
>
> By:
> Houston Putnam Lowry, Esq. for
> Ford & Paulekas, LLP
> 280 Trumbull Street - Suite 2200
> Hartford, CT 06103
> Direct: (860) 808-4213
> Fax: (860) 249-7500
> Email: PTL@HPLowry.com
> Juris # 100342

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed on this 30th day of October, 2024 to:

Stephen Campbell McCullough
140 Hayes Road
Rocky Hill CT 06067

> Houston Putnam Lowry, Esq.

# EXHIBIT 1



Bk: 754  Pg: 689   Instr #: 1778

# TAX COLLECTOR'S DEED

KNOW ALL MEN BY THESE PRESENTS, that, whereas the Town of Rocky Hill did on the 1st day of October of 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021 lay taxes on its grand lists next to be perfected, rate bills for which and for a personal tax in all respects made out according to law with a warrant thereto attached, was placed in my hands, I being the duly appointed and qualified collector thereof, for collection, which tax became due on the 1st day of each following July; and, whereas Sam Walker McCullough, Jr. and Stephen Campbell McCullough of 140 Hayes Road, Rocky Hill, CT 06067, upon demand made, neglected and refused to pay the tax set opposite their names in said rate bills, and thereupon, on the 2nd day of February, 2023, I levied upon the parcel of real estate hereinafter described for the amount of said tax, to wit: $27,657.26 and accrued interest and gave due notice thereof to said taxpayers and to The Metropolitan District as by law provided, which real estate so levied upon is known as 140 Hayes Road in Rocky Hill, Connecticut and situated and bounded as described at Volume 535 Page 988 of the Rocky Hill land records, which description is incorporated herein, and on the 20th day of April, 2023, no one having previously tendered me said tax with interest and my fees, in pursuance of said levy, and in accordance with the terms of said notice, I sold at public auction the whole of said real estate of the said taxpayers to Commercial Funding LLC of 91 South Main Street, 1st Floor, Wallingford, CT 06492 for the sum of $150,000.00.

NOW, THEREFORE, in consideration of the premises, and of said sum of money, received to my full satisfaction, of said purchaser, I hereby bargain and sell unto it the premises last above described, with the appurtenances, to have and to hold the same to it and its heirs forever, subject only to taxes laid by such municipality which were not yet due and payable when I first published notice of levy and sale and any other liens in favor of the Town of Rocky Hill, easements, covenants and restrictions in favor of other parcels of land, interests exempt from levy and sale under the Constitution and laws of the United States and such other interests, if any, hereinafter described, to wit: all interests identified as "surviving encumbrances" in the

-1-

Conveyance Tax Stamp     State: $0.00
                                              Town: $0.00

Sandra M Walsh

Rocky Hill Town Clerk

auction notice for this property filed at Volume 747 Page 444 of these land records, And also, I, the said collector, acting in the name of and for the Town of Rocky Hill, do by these presents bind the Town of Rocky Hill, forever, to warrant and defend the above granted and bargained premises to the said grantee, its heirs and assigns, against all claims and demands arising from any necessary act omitted or unlawful act done by me in connection with the aforesaid levy or sale which impairs the same.

    **IN WITNESS WHEREOF**, I have hereunto set my hand and seal this 27th day of April, 2023.

Signed, sealed and delivered
in the presence of:

witness: Raymon A. Compratino

witness: Hope Mathis

                                          Elaine McKim
                                          Tax Collector as aforesaid

STATE OF CONNECTICUT    )
                          )   ss:
COUNTY OF HARTFORD     )

    On this 27th day of April, 2023, before me, the undersigned officer, personally appeared the Tax Collector as aforesaid, signer and sealer of the foregoing instrument, who acknowledged the same to be her free act and deed.

                                          Notary Public

                                          **KRISTIN A. G...**
                                           **NOTARY P...**
                                           My Commission Exp...

RECEIVED FOR RECORD AT
ROCKY HILL, CT
10/20/2023   02:27:11 PM
Bonnie M Wuist
                        Town Clerk

-2-

ACTIVE/77032.3/AJC/11014932v1

# EXHIBIT 2

 **RECKMEYER & RECKMEYER**
——————— LAW ———————

Stephen Campbell McCullough
John Doe & Jane Doe
140 Hayes Road, Rocky Hill, CT 06067

RE:    NOTICE TO QUIT POSSESSION (C.G.S. §47A-23)

Commercial Funding LLC hereby gives you notice that you are to quit possession of the premises now occupied by you at 140 Hayes Road, Rocky Hill, CT 06067 on or before June 3, 2024 for the following reason:

As to Stephen Campbell McCullough, you once had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067, however, such right or privilege has terminated.

As to Stephen Campbell McCullough, you never had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067.

As to John Doe & Jane Doe - You never had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067.

Any payments tendered after the service of this Notice will be accepted for use and occupancy only and not for rent, with full reservation of rights to continue with the eviction action.

If you do not voluntarily vacate the premises on or before the above-termination date, it is Commercial Funding LLC's intention to commence eviction proceedings against you to recover possession of the premises. If such an eviction proceeding is commenced, you will receive notice and be given an opportunity to present a defense.

Attached you will find the Right to Counsel Notice in English and Spanish.

Dated at West Hartford, Connecticut, May 24, 2024.

Commercial Funding LLC

W. Herbert Reckmeyer, Esq.

**P.O. BOX: 271376, WEST HARTFORD, CT 06127 | (860)333-5677 EX. 3**



## You are facing the loss of your home or housing subsidy.

## We are here to help.

The State of Connecticut created a **Right to Counsel** program **(CT-RTC)** to provide *free legal representation* to income eligible tenants facing eviction or loss of housing subsidy.

*The program began in a few communities on January 31, 2022 and will grow over time.*

To find out if **free legal representation** is available where you live and if you qualify call **1-800-559-1565** or visit **evictionhelpct.org**

**ONLINE LEGAL HELP** Go to ctlawhelp.org/eviction to learn about the eviction process and how to respond to eviction notices.

**2-1-1 HELPLINE** Call 211 for information and referrals for housing, utility, and food assistance or go to 211ct.org.

**GUIDE AND FORM FILLER** Go to ctevictionguide to learn about the eviction process and prepare court forms for your case.

**EVICTION PREVENTION FUND** Check your eligibility for UniteCT's Eviction Prevention Fund by visiting unitectprescreen.formstack.com/forms/eviction_prevention

---



## Usted está en riesgo de perder su hogar o su subsidio de vivienda. Estamos aquí para ayudarle.

El estado de Connecticut ha creado el programa **"Derecho a un Abogado"** (CT-RTC, por sus siglas en inglés) con el fin de brindar representación jurídica gratuita a inquilinos de bajos ingresos que corran riesgo de desalojo o pérdida del subsidio de vivienda.

*El programa comenzó el 31 de enero de 2022 en un número limitado de comunidades y continuará expandiéndose.*

Para averiguar si usted reúne los requisitos para el programa de representación jurídica gratuita o si está disponible en su zona, llame al **1-800-559-1565** o visite **evictionhelpct.org**

**ASISTENCIA LEGAL POR INTERNET** Visite ctlawhelp.org/eviction para obtener información sobre el proceso de desalojo y cómo responder a una notificación de desalojo.

**LÍNEA DE ASISTENCIA 2-1-1** Para información y derivaciones a programas de asistencia con el alquiler, servicios públicos y alimentos, llame al 211 or visite 211ct.org.

**GUÍA PARA COMPLETAR FORMULARIOS** Visite ctevicion.guide para obtener información sobre el proceso de desalojo y cómo completar los formularios judiciales.

**FONDO PREVENTIVO DE DESALOJOS** Para verificar si reúne los requisitos para recibir asistencia del Fondo Preventivo de Desalojos de UniteCT, visite unitectprescreen.formstack.com/forms/eviction_prevention

**CT-RTC is administered by the Connecticut Bar Foundation, 31 Pratt Street, Hartford, CT 06103**
**www.ctbarfdn.org**

EXHIBIT 3

**MOTION FOR JUDGMENT FOR**
**POSSESSION FOR FAILURE TO PLEAD**
JD-HM-10   Rev. 3-20
C.G.S. § 47a-26a,
P.B. § 17-30

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



| COURT USE ONLY |
|---|
| MFDPJPS |

**Instructions to Plaintiff (Landlord)**
1. File this motion with the clerk.
2. Mail or deliver a copy of this motion to all appearing defendants or their attorney(s), if applicable.

| | | | | Docket number |
|---|---|---|---|---|
| ☐ Judicial District | | | | HSG HFH-CV24-6030117-S |
| ☒ Housing Session | At: | Hartford | | |

Address of court *(Number, street, and town)*
80 Washington Street, Hartford CT 06106

Name of case
COMMERCIAL FUNDING, LLC v. STEPHEN CAMPBELL MCCULLOUGH

## Motion

The defendant(s) listed below has not filed a pleading within the required time period. If the defendant(s) does not file a pleading within three (3) days after this motion is filed with the clerk, the plaintiff(s) asks that judgment for possession of the premises be entered for the plaintiff(s).

Name(s) of applicable defendant(s)
STEPHEN CAMPBELL MCCULLOUGH

| Signed *(Plaintiff/Plaintiff's attorney)* | Print or type name of person signing | Date signed |
|---|---|---|
| ▶ | Houston Putnam Lowry | 01/27/2025 |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically or in hand on   **01/27/2025**   *(date)* to all attorneys and self-represented parties of record, and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.
*(If necessary, attach additional sheets with names, addresses and methods of delivery.)*

| Name and address of first attorney or party | | |
|---|---|---|
| STEPHEN CAMPBELL MCCULLOUGH, 140 HAYES ROAD, ROCKY HILL, CT 06067 | ☐ Hand delivered   ☒ Mailed | |
| | ☒ Electronically delivered | |
| Name and address of second attorney or party | ☐ Hand delivered   ☐ Mailed | |
| steviemcc1@yahoo.com | ☐ Electronically delivered | |
| Name and address of third attorney or party | ☐ Hand delivered   ☐ Mailed | |
| | ☐ Electronically delivered | |
| Name and address of fourth attorney or party | ☐ Hand delivered   ☐ Mailed | |
| | ☐ Electronically delivered | |

| Signed *(Plaintiff/Plaintiff's attorney)* | Print or type name of person signing | Date signed |
|---|---|---|
| ▶ | Houston Putnam Lowry | 01/27/2025 |

| Mailing address *(Number, street, town, state and zip code)* | Telephone number |
|---|---|
| Ford & Paulekas, LLP, 280 Trumbull Street-Suite 2200, Hartford, CT 06103 | (860) 808-4213 |

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

# EXHIBIT 4

ORDER    445552

DOCKET NO: HFHCV246030117S

COMMERCIAL FUNDING, LLC
    V.
MCCULLOUGH, STEPHEN CAMPBELL Et
Al

SUPERIOR COURT

HOUSING SESSION
   AT HARTFORD

1/30/2025

## ORDER

ORDER REGARDING:
01/27/2025 160.00 MOTION FOR JUDGMENT OF DEFAULT FOR FAILURE TO PLEAD AND
POSSESSION SUMMARY PROCESS

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED
Disposition: JP2PVTM - JUDGMENT OF POSSESSION - WHERE ONE ORIGINALLY HAD THE
RIGHT OR PRIVILEGE IS NOW TERMINATED

Motion for default for failure to plead is granted.

***** Notice of Judgment - Summary Process (Eviction) *****
Name of Defendant(s)/Tenant(s):STEPHEN CAMPBELL MCCULLOUGH
Date of Judgment:1/30/25
JUDGMENT FOR PLAINTIFF BASED UPON ORIGINAL RIGHT OR PRIVILEGE TO OCCUPY
HAS TERMINATED

***** Notice to Defendant(s)/Tenant(s) *****

The Plaintiff(Landlord) recovered Judgment against you for immediate possession of the premises
named in the complaint and occupied by you. You are therefore given the following notice:

***** PLEASE READ COMPLETELY THE FOLLOWING INFORMATION *****

You may be evicted from the premises named in the complaint and occupied by you after 5 days from
the ***date of judgment*** shown above. (Any intervening Sunday or legal holiday is not included in
counting the 5 day period.) You may ask the court to delay your eviction up to 6 months from the date of
Judgment by completing and filing at the Clerk's office an Application for Stay of Execution. This
application must be filed within 5 days from the ***date of Judgment*** shown above. The application
form is available at the Clerk's office at the above address.

***** NOTICE TO ALL OCCUPANT(S) NOT NAMED IN JUDGMENT *****

If you have not been named as a party to this summary process action, and you claim to have a right to
continue to occupy the premises, you should promptly complete and file with the Clerk's office a claim
of exemption from the Judgment. The claim of exemption may be obtained from the Clerk at the address
listed above.

445552

Judge: CRISTINA M LOPEZ

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

# EXHIBIT 5

**Order On Pre Appeal Application for Certification pursuant to G.S. § 52-265a SC240179**

Docket Number: HFHCV246030117S
Issue Date: 2/20/2025
Sent By: Supreme/Appellate

---

### Order On Pre Appeal Application for Certification pursuant to G.S. § 52-265a SC240179

HFHCV246030117S     COMMERCIAL FUNDING, LLC v. STEPHEN C. MCCULLOUGH

Notice Issued: 2/20/2025 11:08:13 AM

**Notice Content:**

**Motion Filed: 2/14/2025**
**Motion Filed By: Stephen C Mccullough**

**Order Date: 02/20/2025**

**Order: Denied**

Today, Chief Justice Raheem L. Mullins denied the defendant's application for certification to appeal pursuant to Connecticut General Statute § 52-265a, which was filed on February 14, 2025.

By the Court
Notice sent to Counsel of Record

Hon. Christina  Lopez

Clerk, Superior Court, HFHCV246030117S

EXHIBIT 6

STATE OF CONNECTICUT:
               : SS. WEST HARTFORD     June 7, 2024
COUNTY OF HARTFORD  :

              THEN and by virtue hereof and by direction of the plaintiff's Attorney, I made due and legal service of the within original Writ, Summons and Summary Process Complaint with State of Connecticut Notice to Tenant for Eviction Right to Counsel Program both in English and Spanish and Notice to Quit and State of Connecticut Notice to Tenant for Eviction Right to Counsel Program both in English and Spanish by leaving a true and attested copy with and in the hands of the within named defendant:

**MCCULLOUGH, STEPHEN CAMPBELL**

At 140 Hayes Road, Rocky Hill, CT.

              ALSO on June 7, 2024, I made due and legal service of the within original Writ, Summons and Summary Process Complaint with State of Connecticut Notice to Tenant for Eviction Right to Counsel Program both in English and Spanish and Notice to Quit and State of Connecticut Notice to Tenant for Eviction Right to Counsel Program both in English and Spanish by leaving a true and attested copy at the usual place of abode of each the within named defendants:

**DOE, JOHN**
**DOE, JANE**

At 140 Hayes Road, Rocky Hill, CT.

**SCOTT M. KRAIMER**
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

**SUMMONS**
**SUMMARY PROCESS (EVICTION)**
JD-HM-32  Rev. 4-19
C.G.S. § 51-348; P.B. § 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**NOTICE TO OCCUPANT(S) NOT NAMED ON THE SUMMONS**
If you claim to have a right to continue to occupy the premises you should complete and file with the clerk's office a *Claim of Exemption* (form JD-HM-3) as soon as possible. You can get the *Claim of Exemption* from the clerk at the address listed below or online at *www.jud.ct.gov*.

**Instructions:**
1. Type or print legibly. If you are a self-represented party, this form must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each copy of the summons must also show who signed the summons and when it was signed. Also, if there are more than two plaintiffs or four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the complaint.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint.
4. After service has been made by a proper officer, file the original papers and the officer's return with the clerk of court.
For more information on Summary Process (Eviction) Cases and to find the correct court location to file this case, see Rights and Responsibilities of Landlords and Tenants in Connecticut (form JDP-HM-31) or visit jud.ct.gov/faq/landlord.html.

**For information on ADA accommodations, contact a court clerk or go to www.jud.ct.gov/ADA.**

**TO:** Any proper officer; by authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

Return Date *(Month, day, year) (Any day but Sundays and legal holidays)* **06/17/2024**

| | At *(Town)* | | Case Type *(From Judicial Branch code list)* | | |
|---|---|---|---|---|---|
| X Judicial District | Hartford | | Major | H | Minor  00 |
| ☐ Housing Session | | | | | |

Address of court *(Number, street, town and zip code)*
**80 Washington Street, Hartford, CT 06106**

Telephone number of clerk
**860-756-7920**

| Number of plaintiffs: | 1 | Number of defendants: | 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: **Commercial Funding, LLC**<br>Address: **Reckmeyer & Reckmeyer, LLC; P.O. Box: 271376, West Hartford, CT 06127** | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: **McCullough, Stephen Campbell**<br>Address: **140 Hayes Road, Rocky Hill, CT 06067** | D-01 |
| Additional defendant | Name: **Doe, John**<br>Address: **140 Hayes Road, Rocky Hill, CT 06067** | D-02 |
| Additional defendant | Name: **Doe, Jane**<br>Address: **140 Hayes Road, Rocky Hill, CT 06067** | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

## Notice to each defendant

1. You are being sued for possession of the premises you occupy.
2. This paper is a summons in a summary process (eviction) action.
3. The complaint attached to these papers states the grounds for eviction claimed by the plaintiff.
4. To respond to this summons, or to be notified of further proceedings, you or your attorney must file a form called an *Appearance* (form JD-CL-12) with the clerk at the above court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a timely written *Appearance* form, a judgment may enter against you by default. If that happens, the plaintiff will have the right to evict you from the premises.

6. You can get the *Appearance* (form JD-CL-12) at the court address above or online at *www.jud.ct.gov*.
7. Each court location can give you an informational pamphlet (JDP-HM-15) explaining the summary process (eviction) action and an *Answer* (form JD-HM-5) so that you may file an answer to the plaintiff's claims. You can also get the pamphlet and *Answer* form online at *www.jud.ct.gov*.
8. If you have questions about the summons and complaint, you should talk to an attorney promptly. The clerk of court is not allowed to give advice on legal questions; however, in Housing Session locations only, the clerk can give procedural assistance to all self-represented parties.

| Date | Signed *(Sign and "X" proper box)* | | | | Name of person signing |
|---|---|---|---|---|---|
| 06/05/2024 | | | X Commissioner of Superior Court | | **W. Herbert Reckmeyer** |
| | | | ☐ Clerk | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Telephone number | Juris Number *(If attorney or law firm)* |
|---|---|---|
| **Reckmeyer & Reckmeyer, LLC; P.O. Box: 271376, West Hartford, CT 06127** | **860-333-5677** | **442160** |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | X Yes  ☐ No | Signature of Plaintiff *(if self-represented)* |
|---|---|---|

| E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed to)* | *For Court Use Only* | |
|---|---|---|
| **herb.reckmeyer@rrlawllc.com** | Receipt | ☐ No Fee |

**If this summons is signed by a clerk:**

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to see that service is made in the manner provided by law.
c. The clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons and complaint.

File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date signed | Docket Number |
|---|---|---|---|
| | | | |

| | |
|---|---|
| **RETURN DATE**: June 17, 2024 | : SUPERIOR COURT/HOUSING SESSION |
| COMMERCIAL FUNDING, LLC | : JUDICIAL DISTRICT OF HARTFORD |
| **V.** | : AT HARTFORD |
| STEPHEN CAMPBELL MCCULLOUGH, ET AL | : June 5, 2024 |

## COMPLAINT

**COUNT ONE:** (As to Stephen Campbell McCullough)

1. On October 20, 2023 at 2:27:11 pm, Plaintiff took title to certain premises located at 140 Hayes Road, Rocky Hill, CT 06067 ("Premises") by way of a Tax Deed. A copy of said Tax Deed is attached hereto.

2. Defendant occupies the Premises.

3. Defendant once had the right or privilege to occupy the Premises as he was an owner of said Premises when the Town of Rocky Hill conducted a public sale on April 20, 2023 of its tax lien placed on the Premises, but such right or privilege terminated when he was not the successful bidder at said Town's sale of the tax lien. Plaintiff was the successful bidder at said public sale.

4. At midnight of October 19, 2024, the redemption period for the tax sale expired without Defendant redeeming. On October 20, 2024 @ 2:27:11 pm, the Town of Rocky Hill recorded the Tax Deed. A copy of said Tax Deed is attached hereto.

5. On May 28, 2024, Plaintiff caused a notice to quit possession to be served on Defendant to vacate the Premises on or before June 3, 2024. A copy of said notice is attached hereto.

6. Although the time given in the notice to quit possession of the Premises has passed, the Defendants continue in possession of the Premises.

I hereby certify that I have personal knowledge of the Plaintiff's Financial Responsibility and deem it sufficient to pay the costs of this action.

**WHEREFORE**, the Plaintiff claims a judgment for immediate possession of the Premises.

**COUNT TWO:** (As to Stephen Campbell McCullough)

1. On October 20, 2023 at 2:27:11 pm, Plaintiff took title to certain premises located at 140 Hayes Road, Rocky Hill, CT 06067 ("Premises") by way of a Tax Deed. A copy of said Tax Deed is attached hereto.

2.    Defendant once had the right or privilege to occupy the Premises as he was an owner of said Premises when the Town of Rocky Hill conducted a public sale on April 20, 2023 of its tax lien placed on the Premises, but such right or privilege terminated when he was not the successful bidder at said Town's sale of the tax lien. Plaintiff was the successful bidder at said public sale.

3.    At midnight of October 19, 2024, the redemption period for the tax sale expired without Defendant redeeming.  On October 20, 2024 @ 2:27:11 pm, the Town of Rocky Hill recorded the Tax Deed.  A copy of said Tax Deed is attached hereto.

4.    Defendant remained in possession of the Premises after October 20, 2024 @ 2:27:11 pm without Plaintiff's consent.

5.    Defendant never had the right or privilege to occupy the Premises after the recording of the Tax Deed on October 20, 2024 @ 2:27:11 pm.

6.    On May 28, 2024, Plaintiff made a notice to quit possession to be served on Defendant to vacate the Premises on or before June 3, 2024. A copy of said notice is attached hereto.

7.    Although the time given in the notice to quit possession of the Premises has passed, the Defendants continue in possession of the Premises.

8.    I hereby certify that I have personal knowledge of the Plaintiff's Financial Responsibility and deem it sufficient to pay the costs of this action.

WHEREFORE, the Plaintiff claims a judgment for immediate possession of the Premises

**COUNT THREE:** (As to John Doe and Jane Doe)

1.    Paragraph One of Count One is hereby incorporated as Paragraph One of this Count.

2.    At an unknown time, Defendants took possession of the Premises and still occupy the Premises.

3.    Defendants never had the right or privilege to occupy the Premises.

4-5 Paragraphs Five and Six of Count One are hereby incorporated as Paragraphs Four and Five of this Count.

I hereby certify that I have personal knowledge of the Plaintiff's Financial Responsibility and deem it sufficient to pay the costs of this action.

**WHEREFORE,** the Plaintiff claims a judgment for immediate possession of the Premises.

**THE PLAINTIFF,**

W. Herbert Reckmeyer, Esq.
Reckmeyer & Reckmeyer, Law
P.O. Box 271376
West Hartford, CT 06127

 **RECKMEYER & RECKMEYER**
———————————— L A W ————————————

Stephen Campbell McCullough
John Doe & Jane Doe
140 Hayes Road, Rocky Hill, CT 06067

RE:   NOTICE TO QUIT POSSESSION (C.G.S. §47A-23)

Commercial Funding LLC hereby gives you notice that you are to quit possession of the premises now occupied by you at 140 Hayes Road, Rocky Hill, CT 06067 on or before June 3, 2024 for the following reason:

As to Stephen Campbell McCullough, you once had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067, however, such right or privilege has terminated.

As to Stephen Campbell McCullough, you never had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067.

As to John Doe & Jane Doe - You never had the right or privilege to occupy 140 Hayes Road, Rocky Hill, CT 06067.

Any payments tendered after the service of this Notice will be accepted for use and occupancy only and not for rent, with full reservation of rights to continue with the eviction action.

If you do not voluntarily vacate the premises on or before the above-termination date, it is Commercial Funding LLC's intention to commence eviction proceedings against you to recover possession of the premises. If such an eviction proceeding is commenced, you will receive notice and be given an opportunity to present a defense.

Attached you will find the Right to Counsel Notice in English and Spanish.

Dated at West Hartford, Connecticut, May 24, 2024.

Commercial Funding LLC

W. Herbert Reckmeyer, Esq.

P.O. BOX: 271376, WEST HARTFORD, CT 06127 | (860)333-5677 EX. 3



# You are facing the loss of your home or housing subsidy.

# We are here to help.

The State of Connecticut created a **Right to Counsel** program (**CT-RTC**) to provide *free legal representation* to income eligible tenants facing eviction or loss of housing subsidy.

*The program began in a few communities on January 31, 2022 and will grow over time.*

**To find out if free legal representation is available where you live and if you qualify call 1-800-559-1565 or visit evictionhelpct.org**

**ONLINE LEGAL HELP** Go to ctlawhelp.org/eviction to learn about the eviction process and how to respond to eviction notices.

**2-1-1 HELPLINE** Call 211 for information and referrals for housing, utility, and food assistance or go to 211ct.org.

**GUIDE AND FORM FILLER** Go to cteviction.guide to learn about the eviction process and prepare court forms for your case.

**EVICTION PREVENTION FUND** Check your eligibility for UniteCT's Eviction Prevention Fund by visiting unitectprescreen.formstack.com/forms/eviction_prevention

---



# Usted está en riesgo de perder su hogar o su subsidio de vivienda. Estamos aquí para ayudarle.

El estado de Connecticut ha creado el programa "**Derecho a un Abogado**" (**CT-RTC**, por sus siglas en inglés) con el fin de brindar representación jurídica gratuita a inquilinos de bajos ingresos que corran riesgo de desalojo o pérdida del subsidio de vivienda.

*El programa comenzó el 31 de enero de 2022 en un número limitado de comunidades y continuará expandiéndose.*

**Para averiguar si usted reúne los requisitos para el programa de representación jurídica gratuita o si está disponible en su zona, llame al 1-800-559-1565 o visite evictionhelpct.org**

**ASISTENCIA LEGAL POR INTERNET** Visite ctlawhelp.org/eviction para obtener información sobre el proceso de desalojo y cómo responder a una notificación de desalojo.

**LÍNEA DE ASISTENCIA 2-1-1** Para información y derivaciones a programas de asistencia con el alquiler, servicios públicos y alimentos, llame al 211 or visite 211ct.org.

**GUÍA PARA COMPLETAR FORMULARIOS** Visite cteviction.guide para obtener información sobre el proceso de desalojo y cómo completar los formularios judiciales.

**FONDO PREVENTIVO DE DESALOJOS** Para verificar si reúne los requisitos para recibir asistencia del Fondo Preventivo de Desalojos de UniteCT, visite unitectprescreen.formstack.com/forms/eviction_prevention

**CT-RTC is administered by the Connecticut Bar Foundation, 31 Pratt Street, Hartford, CT 06103 www.ctbarfdn.org**

# EXHIBIT 7

HFH-CV-24-6030117-S                     SUPERIOR COURT/HOUSING SESSION

COMMERCIAL FUNDING, LLC                    J.D. OF HARTFORD

V.                          AT HARTFORD

MCCULLOUGH, STEPHEN CAMPBELL               NOVEMBER 13, 2024


### MOTION TO STRIKE

The defendant hereby moves to strike plaintiff's Revised and Restated Complaint

(#133.00) in its entirety since both counts lack the legal sufficiency of the allegations to

state a claim upon which relief can be granted.  Both counts rely on legal conclusions that a

prior court has deemed erroneous in Hartford Housing Decision H-1777.

Count One ¶4 states that "... but such right or privilege terminated when he was not

the successful bidder at said Town's sale of the tax lien."

Count Two ¶3 states that "... but such right or privilege terminated when he was not

the successful bidder at said Town's sale of the tax lien."


Further, defendant has just now discovered, at the end of the day of 11/13/24, that plaintiff

has sold the property in question on Auction.com (see attached).


DATED this 13th day of November, 2024

Stephen C. McCullough,

Defendant

1

### MEMORANDUM OF LAW

The plaintiff has stated in both counts that "**Defendant one had a right or privilege to occupy the Premises as he was an owner of said Premises ...**" (beginning of Count 1 ¶4, and Count 2 ¶3). There is only one statutory section in Summary Process that pertains to defendants who once had a right -- §47a-23(a)(3). The other sections do not apply: (1) is for rental agreements and leases, (2) is for those who **never** had a right or privilege, (4) is for those in a landlord/tenant relationship, and (5) is for farm employees, domestic servants, caretakers, and managers.

§47a-23 (a) (3) states: "**when one originally had the right or privilege to occupy such premises but such right or privilege has terminated;**"

The only places in the Complaint relating to "termination" are at the ends of Count 1 ¶4, and Count 2 ¶3. Both state:"... such right or privilege terminated when he was not the successful bidder at said Town's sale of the tax lien." Both are false legal conclusions and not statements of fact. Plaintiff, in those same paragraphs, claim this occurred on April 20, 2023. Such right and privilege could not terminate on that date, April 20, 2023, because that issue has already been adjudicated, published by COLP, deemed untrue, and therefore, both claims lack legal sufficiency.

1) On May 23, 2024 in HFH-CV23-6027467-S, Decision H-1777, Memorandum of Decision Re: Motion to Dismiss #128 Judge Spader ruled: "**When the plaintiff's attorney signed the notice to quit on October 19, 2023, the plaintiff was not an 'owner or lessor, or the owner's or lessor's legal representative, or the owner's**

2

**or lessor's attorney-at-law, or in-fact.' If anything, it was the holder of a defeasible interest in the property that could have been redeemed."** The issues raised in that dismissal are contained in defendant's entries 128.00 and 133.00. (The issues of valid recording of title and fraudulent transfer of title were not raised in that motion to dismiss, because it was based on an invalid notice to quit which was all that was necessary.)

2) Much of the law pertaining to tax sale auctions is contained in **§12-157 Method of selling real estate for taxes** and allows for a redemption period during which time owners are allowed to remain on the property and have beneficial ownership; tax deeds are, by law, to remain unrecorded during this redemption period §12-157(e).

3) Owners, by law, are not allowed to bid on a municipal tax sale auction.

Henceforth, this court should strike both Count One and Count Two, which consists of the Complaint in its entirety.

DATED this 13th day of November, 2024

Stephen C. McCullough,

Defendant

3

 State. County. City. Zip. Address    🔍

**Private Seller** 🏠

# 140 Hayes Road

Rocky Hill, CT 06067, Hartford County

👥 1,247 Views    ♡ Save

4 Beds | 1 Baths | 1,811 Sq. Ft.



📍 Street    🗺️ Map

## Price Insights

 Resale Value 🏠                    $534,000

Comparable Sales.              *Source: Collateral Analytics*

Rental Estimate 🏠                    $3,000

See Details                    *Source: Collateral Analytics*

 ∨    State, County, City, Zip, Address    🔍

Rental Estimate 🌐                    $3,000

See Details                    *Source: Collateral Analytics*

Auction Ended                    11/13/2024



Online Auction - Pending

**Save This Property**

For updates, save this asset to
your dashboard.



## Property Details

Beds                    4

Baths                    1

 re Footage            1,811

Lot Size (Acres)        0.34

Property Type        Single Family...

Year Built            1950



State, County, City, Zip, Address    🔍

Occupied: Do not disturb occupants.
Trespassing is a criminal offense. Learn
more about occupied properties.

| | | |
|---|---|---|
| $   Buyer's Premium | 5% or $2,500 ∨ |
| 🔘   Cash Only | Yes ∨ |
| 🔒   Interior Access | No ∨ |
| 🔁   Broker Co-op | Not Offered ∨ |

Feedback

## Market Analysis   ⊖



Local Comps

Compare the value of

Get information on



Completed - Sold to 3rd Party



Sold

## CERTIFICATION

I, Stephen C. McCullough, defendant, hereby certify that a copy of the above-entitled

MOTION TO STRIKE and Memorandum of Law, has been sent via U.S. mail, postage pre-

paid to all parties of record via first-class mail. Copy sent to: Houston Putnam Lowry, Ford

& Paulekas, LLP, 280 Trumbull Street, Hartford, CT 06103.


DATED: this 13th day of November, 2024

Stephen C. McCullough,

Defendant

4

EXHIBIT 8

HFH-CV24-6030117-S

COMMERCIAL FUNDING, LLC

V.

MCCULLOUGH, STEPHEN CAMPBELL

SUPERIOR COURT/HOUSING SESSION

J.D. OF HARTFORD

AT HARTFORD

NOVEMBER 7, 2024

## MOTION TO TRANSFER

The defendant hereby moves to transfer this case from the Summary Process

docket to the regular Housing docket. Currently, the plaintiff has a second action against

the defendant in HFH-CV24-6031415-S in the regular Housing docket. Connecticut

General Statutes §47a-70(b) states:

"If two or more actions are pending between the same parties, including for the purposes
hereof any other court proceedings arising out of or connected with the same housing
accommodation, of which one or more of such actions is on the housing docket and one or
more of such actions is on some other docket, the judge handling such other docket, upon
motion of any party to any of such actions, may order that the action pending on such
docket, with all papers relating thereto, be transferred to the housing docket; and such
action or actions shall thereafter proceed as though originally entered there."

The basis for this motion is 1) the complexity of the issues raised in previous pleadings, 2)

the constitutional issues raised, 3) the lack of a landlord/tenant or any other contractual

relationship between the plaintiff and defendant, 4) the lack of and dispute of proof of

ownership by the plaintiff as required in Success, Inc. v. Curcio for a summary process

action, 5) the extensive time required for a trial considering it would involve multiple town

officials testifying on their actions all the way back to 2012 (see HHB-CV-12-6018310-S

and HHB-CV-15-5016831-S), 6) the ongoing result of state appellate and federal actions

pertaining to a fraudulent title transfer between two persons (the defendant and the

1

municipality which is judicially regarded as a "person"), and 7) the numerous counterclaims that will be raised based on the pleadings in HFH-CV23-6027467-S, HHB-CV24-6084243-S, and HFH-CV24-6031415-S concerning frivolous claims, abuse of process, sham or duplicative pleadings, and deliberately intentional violations of the rules of professional conduct.

. OR, in the alternative, if it suits the court, to have the two cases (HFH-CV24-6030117-S and HFH-CV24-6031415-S) transferred to the regular docket civil session, as per C.G.S. §47a-70(a) which states:

"All proceedings involving a housing matter in the judicial district of Hartford, New Britain, New Haven, Bridgeport, Waterbury or Stamford-Norwalk shall first be placed on the housing docket for that district, provided the judge before whom such proceeding is brought may transfer such matter to the regular docket for a judicial district if he determines that such matter is not a housing matter or that such docket is more suitable for the disposition of the case. Any case so entered or transferred to either docket shall be proceeded upon as are other cases of like nature standing on such docket." -

Southland Corp. v. Vernon, 1 Conn App. 439, 449–50, 473 A2d 318, 323–24 (1984) states:

"General Statutes § 47a–70(a) provides in relevant part that any housing matter brought to the housing docket of judicial district which has a housing division may be transferred "to the regular docket for a geographical area or judicial district if [the housing judge] determines ... that such docket is more suitable for the disposition of the case. Any case so ...transferred ... shall be proceeded upon as are other cases of like nature standing on such docket." Thus, the housing judge has the discretion, apparently exercised in this case, to transfer to the regular civil docket of the judicial district a summary process action which, because of its complexity, would formerly **324 have been outside the ambit of summary process.

These significant changes persuade us that the legislature no longer considers summary process as necessarily excluding complex questions which would formerly have required its dismissal. As we read the current statutory scheme, where, as here, such a summary process action is brought in the first instance to the housing division, as it must be, and the issue of complexity is raised, the housing division judge must exercise the court's discretion in deciding whether to hear the case. That discretion includes, inter alia, the degree of complexity of the factual and legal issues, the likely time requirements for trial, the need for discovery and the degree of discovery which is reasonably required, whether complex

defenses will be raised in good faith, the impact of hearing the case on the rest of the summary process docket, and whether other actions for similar relief are pending elsewhere. See Sigros v. *450 Hygenic Restaurant, Inc., supra, 38 Conn.Sup. 520, 452 A.2d 943. The result of this exercise of discretion will be either that the housing division retains the case or that it determines the regular civil docket of the judicial district to be more suitable for the disposition of the case, in which event the case shall be transferred to that docket. General Statutes § 47a–70(a). Upon that transfer, the remedy for its complexity is not dismissal; the remedy is that it "shall be proceeded upon as are other cases of like nature standing on such docket." General Statutes § 47a–70(a).8 The timing and nature of that proceeding must, however, be left to the broad discretion of the judicial district court, and may include joinder with any other related actions pending between the parties. Furthermore, since by statute the case must now be "proceeded upon as are other cases of like nature standing on such docket," the judicial district court has the discretion to relax the timing of the pleadings to conform to that of other civil actions. If this renders the pace of the case less than summary, the landlord cannot be heard to complain, for General Statutes § 47a–70(a) has substituted such a proceeding for what would have otherwise been a dismissal."

Furthermore the court in Sigros v. Hygenic Rest., Inc., 38 Conn. Supp. 518, 519, 452 A.2d 943, 944 (Super. Ct. 1982) stated: "A summary process action should be limited to simple issues of fact, not complicated by questions of interpretation of leasehold covenants. Davidson v. Poli, 102 Conn. 692, 695, 129 A. 716 (1925); Scinto v. Bridgeport Cash & Carry, Inc., supra." Scinto v. Bridgeport Cash & Carry, Inc., 38 Conn. Supp. 514, 516–17, 452 A.2d 940, 942 (Super. Ct. 1980) states:

"The purpose of a summary process proceeding is to permit a landlord to recover possession upon termination of a lease without suffering the delay, loss and expense to which he may be subjected under a common-law action. Prevedini v. Mobil Oil Corporation, 164 Conn. 287, 292, 320 A.2d 797 (1973); Atlantic Refining Co. v. O'Keefe, supra, 131 Conn. at 530, 41 A.2d 109. Summary process is limited to a few plain, simple questions of fact. Davidson v. Poli, 102 Conn. 692, 695, 129 A. 716 (1925). … 4 Summary process is limited to cases where the issue of the expiration of the lease presents itself as a simple issue of fact, not complicated by questions as to the proper legal construction of the lease. Rosa v. Cristina, 135 Conn. 364, 365, 64 A.2d 680 (1949). "It has always been the policy of our law to limit the issues in an action of summary process to a few simple ones within the express scope of the statutory provisions." Webb v. Ambler, supra, 125 Conn. at 550–51, 7 A.2d 228. Because of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly followed. Jo-Mark Sand & Gravel Co. v. Pantanella, 139 Conn. 600–601, 96 A.2d 217 (1953); Cianciolo v. Plano, 23 Conn.Sup. 291, 292, 181 A.2d 611 (1962)."

Prevedini v. Mobil Oil Corporation, 164 Conn. 287, 292, 320 A.2d 797 (1973) states:

3

"Here we have a stay of summary process proceedings. The purpose of summary process proceedings as authorized by s 52-532 of the General Statutes is to permit the landlord to recover possession on termination of a lease; Feneck v. Nowakowski, 146 Conn. 434, 436, 151 A.2d 891;" and Feneck v. Nowakowski states:

"By virtue of the precise wording of the statute relating to summary process, § 52–532 of the 1958 Revision, that remedy is available only when there is a lease and it has been terminated."

Further, in Logan v. Carrington Publ'g Co., 16 Conn. Supp. 46, 46 (Com. Pl. 1948):

"The action of summary process is a special statutory proceeding and as such the relationship of lessor and lessee or landlord and tenant must have existed between the parties.  The facts disclosed that the relationship of the parties was essentially that of employer and employee, and the occupancy by the defendant (plaintiff in error) of living quarters on the premises of the plaintiff employer (defendant in error) as part of the consideration for his services as janitor did not affect that status. The record did not support judgment for possession in an action of summary process."

Finally, "the purposes of the summary process action, which is designed to provide an expeditious remedy to a landlord seeking possession of the leased premises." Prescott Connecticut Appellate Practice and Procedure (2023) p. 242-243.

Also see treatise: § 61:1. Eviction (Summary Process): Notice to quit—Commentary, 3 Conn. Prac., Civil Practice Forms § 61:1 (5th ed.)

(b) Matters for summary process - Transfer to appropriate judicial district court

The action of summary process has historically been limited to cases where the issue of the expiration of the lease presents itself as a simple issue of fact and is not complicated by questions as to the proper legal construction of the lease. Sigros v. Hygenic Restaurant, Inc., 38 Conn.Sup. 518, 452 A.2d 943 (1982). In Sigros, the court set forth several criteria to be used in defining this standard:

a) the complexity of the issues raised;

b) the length and terms of the lease;

c) the circumstances existing when the parties entered into the lease;

d) likely time requirement for trial;

e) the existence of buy and sell agreements or options to renew or buy concomitant with the lease;

f) installment payments; and

g) the creation of equity property rights in the tenant.

However, the court in Southland Corp. v. Vernon, 1 Conn.App. 439, 473 A.2d 318 (1984), states unequivocally that given the changes in the scope and complexity of summary process in light of the 1978 court merger and the broad jurisdiction of the housing court, summary process actions can no longer be confined to simple issues. Accordingly, it

4

holds that a summary process case will not be dismissed because of its complexity. Rather, if the judge determines that by the criteria set forth in <u>Sigros</u> the action is of sufficient complexity, it will be transferred to the docket of the appropriate judicial district court.

Research reference C.G.S.A. § 47a-70. Housing docket. Entry and transfer of cases on docket.

In addition, it should be factually noted that the plaintiff, in more than one occasion, during pendency of summary process action, has filed nearly a dozen pleadings in rapid succession in either HFH-CV24-6030117-S or HHB-CV-24-6084243-S which required numerous discovery or complex responses or objections.  This does not render sufficient time for even the most proficient litigant to respond to summary process pleadings within a three day time period; and in so doing violates due process.  One cannot perform 80 hours of needed legal research within a 72 hour time period; it is not difficult, it is impossible.

Also, in interest of judicial economy, efficiency, and timing (in order to prevent retroactive actions), the two cases involving parallel issues should proceed on the same timeline.


Henceforth, this court should grant this defendant's motion to transfer to this case to the regular housing session,

Or in the alternative, transfer this case along with HFH-CV24-6031415-S to the regular civil docket.


DATED this 7th day of November, 2024

Stephen C. McCullough,
Defendant

5

## CERTIFICATION

I, Stephen C. McCullough, defendant pro se, hereby certify that a copy of the above-entitled Motion to Transfer, has been sent via U.S. mail, postage pre-paid to all parties of record via first-class mail. Copy sent to: Houston Putnam Lowry, Ford & Paulekas LLP, 280 Trumbull Street, Hartford, CT 06103.

DATED: this 7th day of November, 2024

Stephen C. McCullough,
Defendant

6

# EXHIBIT 9

```
HHB-CV24-6084243-S          :   SUPERIOR COURT

TOWN OF ROCKY HILL,         :   JUDICIAL DISTRICT OF NEW BRITAIN
ET AL

v.                          :   AT NEW BRITAIN, CONNECTICUT

STEPHEN CAMPBELL            :   MAY 13, 2024
MCCULLOUGH, ET AL
```

                    TRANSCRIPT OF PROCEEDINGS


            BEFORE THE HONORABLE ROBERT YOUNG, JUDGE


A P P E A R A N C E S :


    Representing the Plaintiffs:

            ATTORNEY ADAM COHEN
            Pullman & Comley LLC
            850 Main Street
            Bridgeport, Connecticut 06601

            ATTORNEY HOUSTON PUTNAM LOWRY
            Ford & Paulekas, LLP
            280 Trumbull Street
            Hartford, Connecticut 06103


    Representing the Defendants:

            STEPHEN CAMPBELL MCCULLOUGH
            Self-represented party




                            Recorded By:
                            Sarah Grover

                            Transcribed By:
                            Erin Baxter
                            Court Recording Monitor Trainee
                            120 School Street
                            Danielson, Connecticut 06239

Case 3:25-cv-00330-OAW  Document 10  Filed 03/07/25  Page 62 of 75
Case 3:24-cv-01284-JAM  Document 1-1  Filed 08/02/24  Page 15 of 69

1

1        THE COURT:  This is Docket No. CV24-6084243,
2   Town of Rocky Hill v. Stephen Campbell McCullough, Et
3   al, and it is an intervener's motion for
4   interlocutory judgment of interpleader that is on the
5   docket.  That is 107.  There's been an objection
6   filed at 110 and a reply at 111.  I'm going to ask
7   everyone to introduce themselves for the record,
8   please, starting with Attorney Lowry.
9        ATTY. LOWRY:  Morning, Your Honor.  Houston
10   Putnam Lowry, counsel for the intervener, Commercial
11   Funding, LLC.
12        ATTY. COHEN:  Adam Cohen for the Town of Rocky
13   Hill.
14        THE COURT:  All right.  Mr. Cohen, is your dog
15   in this show?
16        ATTY. COHEN:  Not much.  I just wanted to note
17   that there's -- I don't have any -- I don't take any
18   position on the substance of the motion.  The case is
19   stayed otherwise, so I'm just trying to keep activity
20   in the case limited so that the attorney's fees stay
21   reasonable.
22        THE COURT:  Understood.  Glad that you're here.
23   Sir?
24        MR. MCCULLOUGH:  Stephen C. McCullough.
25        THE COURT:  All right.  Mr. McCullough, good
26   morning.  All right.  Attorney Lowry, I've read this
27   motion, and I understand that Judge Shortall has

2

1    allowed you to intervene in this action, but I'm not

2    seeing where you have standing, sir.  So, tell me how

3    it is that you have standing.  Before we get there --

4    and I guess I'll ask Attorney Cohen to let me know.

5    I presume that there was a foreclosure action?

6        ATTY. COHEN:  There was a non-judicial tax sale.

7    It's a statutory foreclosure proceeding.

8        THE COURT:  Okay.  And Commercial Funding, Inc.

9    [*sic*], was it a party to that action?

10       ATTY. COHEN:  It was the purchaser at the

11   auction.

12       THE COURT:  Understood.  But to the action

13   itself, was it a party?

14       ATTY. COHEN:  There was no judicial action to be

15   a party to.

16       THE COURT:  Okay.  All right.  So, Attorney

17   Lowry, where do you get standing here?

18       ATTY. LOWRY:  Well, I'm not sure that I

19   understand what you mean by standing, Your Honor.

20   Obviously, we have been allowed to intervene, so we

21   certainly have a claim.  Are you inquiring about our

22   damages?

23       THE COURT:  Well, let me ask you about that.

24   You've been allowed to intervene by Judge Shortall.

25       ATTY. LOWRY:  Yes, sir.

26       THE COURT:  But that doesn't mean that you have

27   a claim and it doesn't mean that you have standing.

3

1      So, you're looking for some relief from this court,

2      and I need to know how it is that you get to be in

3      this action.

4          ATTY. LOWRY:  Okay.  The action's a little

5      unusual in the sense it's a statutory action, and

6      we've made claims several different ways, one of

7      which is a motion to disburse under the relevant

8      statute, which is not on for today.  It seemed as

9      though the motion for an interlocutory judgment of

10     interpleader was the more appropriate way to go.

11         Just to let you know, we also have a hearing

12     brief which refers you to the action in the nature of

13     an interpleader, which is 52-484.  That's also in the

14     record.  The nature of the injury was that the

15     McCulloughs, one being the estate and one being the

16     person that exists, are continuing to occupy the

17     premises that our client, Commercial Funding, LLC, is

18     the owner of.

19         THE COURT:  But you only obtained this property

20     upon an auction; correct?

21         ATTY. LOWRY:  Correct.

22         THE COURT:  And you had no prior claim to this

23     property prior to being the winning bidder of the

24     auction; correct?

25         ATTY. LOWRY:  Correct.

26         THE COURT:  So, now you've obtained this

27     property.  There are extra proceeds which the Town of

Case 3:25-cv-00330-OAW    Document 10    Filed 03/07/25    Page 65 of 75
Case 3:24-cv-01284-JAM   Document 1-1   Filed 08/02/24   Page 18 of 69

4

1        Rocky Hill is seeking.

2              ATTY. LOWRY:  Correct, and we recognize we're

3        junior to them.

4              THE COURT:  But you want these funds from Mr.

5        McCullough because he's still encamped on the

6        property?

7              ATTY. LOWRY:  Correct.

8              THE COURT:  So, why isn't this in housing court?

9              ATTY. LOWRY:  Well, the short answer is there's

10       an eviction in the housing court.  That would be a

11       venue issue.  That would not be a jurisdiction issue.

12             THE COURT:  You have another action against Mr.

13       McCullough pending at this time?

14             ATTY. LOWRY:  The client does.  They have a

15       summary process action.

16             THE COURT:  Does it include use and occupancy?

17             ATTY. LOWRY:  Summary process actions do --

18       there's no use and occupancy order.  Summary process

19       actions do not make a determination as to the amount

20       of damages.

21             THE COURT:  I understand.  It's for possession

22       only.

23             ATTY. LOWRY:  Correct.

24             THE COURT:  I've sat in housing court, Mr.

25       Lowry.

26             ATTY. LOWRY:  Thank you, sir.

27             THE COURT:  I'm questioning whether you have an

Case 3:25-cv-00330-OAW    Document 10    Filed 03/07/25    Page 66 of 75
Case 3:24-cv-01284-JAM    Document 1-1    Filed 08/02/24    Page 19 of 69

5

1    additional action for use and occupancy in housing

2    court.

3        ATTY. LOWRY:  We do not have an action for

4    damages.  Correct, Your Honor.

5        THE COURT:  Okay.  So, I'm still not seeing

6    where you have standing here in this action.

7        ATTY. LOWRY:  Well, normally, what we would do

8    is we would apply for a prejudgment remedy.  We

9    cannot seek a prejudgment remedy unless we can

10   garnish the funds.  The funds are in the hands of the

11   state, which is protected from garnishment by the

12   sovereign immunity.  So therefore, what we're doing

13   is we're in a position that we would normally be in

14   if a prejudgment remedy had been allowed and that the

15   funds are currently held by the state.  So, they

16   would be held by the Superior Court.  They are

17   currently already being held by the Superior Court,

18   and we are claiming an interest in the funds as a

19   creditor of the McCulloughs.

20       THE COURT:  You're using interpleader as a

21   device to collect use and occupancy and attorney's

22   fees; correct?

23       ATTY. LOWRY:  Correct, Your Honor.  I don't

24   believe we asked for attorney's fees, but correct.

25       THE COURT:  Well, didn't you?

26       ATTY. LOWRY:  I don't remember offhand, sir.

27       THE COURT:  Okay.  But at least as far as

Case 3:25-cv-00330-OAW  Document 10  Filed 03/07/25  Page 67 of 75
Case 3:24-cv-01284-JAM  Document 1-1  Filed 08/02/24  Page 20 of 69

6

1    collecting use and occupancy, you're using

2    interpleader in order to obtain damages; correct?

3         ATTY. LOWRY:  Correct, because we have no other

4    basis for relief because of the sovereign immunity of

5    the State of Connecticut, which is where the money

6    is.  Mr. McCullough's otherwise insolvent.  I make

7    that representation in that he has applied for and

8    apparently received a waiver for entry fee and costs.

9    I'm not allowed to see that, so all I can say is that

10   he applied for waiver of entry fee and for service

11   fees, which was granted.  I assume he did that based

12   upon a showing that he is insolvent.

13        THE COURT:  Okay.  So, the obligations which

14   your client is claiming that Mr. McCullough owes it

15   did not arise until after the auction; correct?

16        ATTY. LOWRY:  Correct.

17        THE COURT:  All right.  Anything else you want

18   to tell me, sir?

19        ATTY. LOWRY:  No, Your Honor.  We would stand on

20   our brief and the reply and the original motion.

21   Thank you, Your Honor.

22        THE COURT:  All right.  Thank you.  Mr.

23   McCullough, do you want to be heard?

24        MR. MCCULLOUGH:  Yes.  I'd like to address the

25   Court.  They have a summary process action right now

26   in Hartford housing court.  They filed for a motion

27   for use and occupancy payments, and then they later

1    withdrew it.

2         THE COURT:  Okay.

3         MR. MCCULLOUGH:  And I'd also just like the

4    Court to know that that motion for use and occupancy,

5    Statute 47-26b, when it is activated, it states about

6    use and occupancy in amount equal to the last agreed

7    upon rent or, in absence of prior agreed upon rent,

8    an amount equal to fair rental value of the premises

9    during the pendency of such action accruing from the

10   date of such order.

11        Now, what Commercial Funding is trying to do is

12   it's trying to get use and occupancy payments for

13   something that occurred after the tax deed was

14   recorded on October 20th.  They have no -- so, this

15   fund was generated back in April.  They have no

16   interest or claim to anything that happened in April

17   or even all the way up -- they don't have any basis

18   for anything up until October 20th.  Second of all,

19   I'm not consenting that they own the property.  I am

20   still appealing the matter and going to a higher

21   court on this.  They do not have quiet title.  I will

22   be addressing this in future pleadings.

23        THE COURT:  I don't mean to interrupt.  Is it at

24   the appellate court right now?

25        MR. MCCULLOUGH:  What?

26        THE COURT:  Is your -- the auction, is that at

27   the appellate court right now?  You said you were

1      appealing it.

2            MR. MCCULLOUGH:  Well, I have an appeal deadline

3      tomorrow.

4            THE COURT:  I'm sorry?

5            MR. MCCULLOUGH:  I have an appeal deadline

6      tomorrow on the --

7            THE COURT:  So, it actually has not been filed

8      yet?

9            MR. MCCULLOUGH:  Correct, on 5033551.  And I'm

10     intending to file a federal action too.  The second

11     thing is, for a motion for interpleader -- and I

12     addressed this in my brief -- the Town of Rocky Hill,

13     who is a stakeholder, still has a claim going on for

14     that, approximately $70,000.  They're continuing to

15     claim attorney's fees as long as I keep appealing the

16     matter.  It's very likely the entire $70,000 will be

17     gone by the time I reach the U.S. Supreme Court on

18     this, because this was a house that was built by my

19     father and my mother back in 1949.  It has been

20     entirely within the McCullough family.  It has never

21     been rented, and I'm not giving up on this until the

22     day I die.

23            And condition three of the elements of motion of

24     interpleader: the plaintiff, which in this case is

25     the Town of Rocky Hill, must not have or claim any

26     interest in the subject matter, and they are claiming

27     interest in the subject matter because they're asking

Case 3:25-cv-00330-OAW   Document 10   Filed 03/07/25   Page 70 of 75
Case 3:24-cv-01284-JAM   Document 1-1   Filed 08/02/24   Page 23 of 69

9

1       for attorney's fees all the way on through.  And

2       Commercial Funding has no basis for attaching this

3       fund which occurred before, judging -- going by what

4       they say on their claim that they -- when they --

5       from October 20th on.  In fact, they're claiming use

6       and occupancy for five months later.

7           Not only are they -- not only that, but they're

8       claiming this is in equity.  Well, the amount that

9       they're claiming for five months exceeds the building

10      value of the property.  They're claiming -- I

11      attached the last property card I had.  It's

12      published in 2022.  They're claiming in five months

13      more than the value of the building, because the

14      building got in a windstorm, the roof fell over, it

15      leaks on every rainstorm.  There's numerous problems

16      with it.  It's not statutorily allowed to be rented,

17      and yet they were claiming, you know, 47a-26 for use

18      and occupancy.

19          I deny any -- and I did not make any agreement

20      with Commercial Funding that I agreed to pay any use

21      and occupancy payments.  There is no contract,

22      express or implied.  There was no communication from

23      Commercial Funding at all before any legal action.

24      They just dumped a notice to quit on my door.  And by

25      the way, they dumped that notice before they had the

26      recorded deed, and that's why currently right now in

27      summary housing court, there is a pending motion to

Case 3:25-cv-00330-OAW    Document 10    Filed 03/07/25    Page 71 of 75
Case 3:24-cv-01284-JAM    Document 1-1    Filed 08/02/24    Page 24 of 69

10

1    dismiss with a hearing on the 23rd.

2        THE COURT:  Okay.  So, the housing matter's

3    still pending?

4        MR. MCCULLOUGH:  Correct.

5        THE COURT:  Okay.  And that's in Hartford?

6        MR. MCCULLOUGH:  Yes.  That's where they filed

7    it.  I didn't file it.

8        THE COURT:  Okay.  Anything else, Mr.

9    McCullough?

10        MR. MCCULLOUGH:  I'll just say I don't think

11    they have -- I'm claiming they don't have standing,

12    they don't have subject matter jurisdiction to file

13    an interpleader.  If you rule in their favor, it will

14    be a landmark case, because you don't use -- because

15    they don't have any liens on the property.  Normally,

16    interpleader is if I had liens or creditors.  I

17    didn't have any liens or creditors.  The only thing

18    on there was Rocky Hill taxes, and that I'm still

19    disputing, but anyways, that's besides the point.

20        THE COURT:  All right.  Attorney Lowry, last

21    word?

22        ATTY. LOWRY:  Brief responses, Your Honor.  The

23    interpleader statute does not prevent the stakeholder

24    -- which is the word he used -- from having a claim

25    to the interpleader action.  It's in the nature of a

26    writ of interpleader.  It's not a classical

27    interpleader, so that's clear.  The stakeholder, by

11

1    the way, is not the Town of Rocky Hill at the moment

2    because they don't have the money.  The Superior

3    Court has the money.

4        He cited to *Marks v. Chapel*, which is 5 Conn.

5    Sup. 441.  He didn't put down the 5, so it might be a

6    little hard to find.  And it said at the end if they

7    have some claim against the defendant, let them

8    garnishee the money in the hands of the plaintiffs.

9    That is their remedy.  You can't because the State of

10    Connecticut has the funds.

11        Let's talk about the equitable maxims: that you

12    need to come to the Court with clean hands.  With all

13    due respect, I don't think he comes to the Court with

14    clean hands.  Two: equity doesn't require someone to

15    do a useless act.  I'm required to issue a

16    garnishment under 52-278 against the State of

17    Connecticut.  It doesn't make any sense.  Three:

18    equity does not want to multiply proceedings.

19        So, we've got two proceedings.  There's no prior

20    pending action problem because of the nature of the

21    scope of a summary process action, but there is

22    something called a writ of peace, which I've never

23    seen issued by a Connecticut court, which basically

24    is an injunction saying that you won't proceed

25    further.  Well, if we started a multiplicity of

26    actions, that would be a problem.

27        The opportunity here is to resolve this all in

12

1      one place.  We are a creditor.  Were we a creditor

2      attached on the land?  No.  Completely conceded.  But

3      we are a creditor, and this is the only source of

4      funds that will be available against this particular

5      person, so we believe that we should be entitled,

6      under the general policy, to secure that claim for

7      funds.  That's what we're trying to do with this

8      judgment of interpleader.

9          We also have a motion for payment, which we

10     haven't pursued because of the stay.  We understand

11     that he's said he's going to appeal this all the way

12     up and there may be no funds left.  Fine.  That is

13     his prerogative to do what he wants to do.  We are

14     not disputing the Town of Rocky Hill's priority.  But

15     we are saying we want to secure ourselves.

16         So, that being said, we believe this is in the

17     nature of an interpleader and it has all the

18     hallmarks.  The Court already has the funds and we've

19     submitted our statement, and when the Court gets

20     around to hearing it, which will be after the stay is

21     lifted, then the Court will determine who is entitled

22     and who has a claim and how much it is.  So, at that

23     point, I believe that the judgment of interlocutory

24     interpleader should be granted.

25         THE COURT:  All right.  Thank you, everyone, for

26     your input.  I will take this matter under

27     consideration.  It's going to require a great deal of

Case 3:25-cv-00330-OAW    Document 10    Filed 03/07/25    Page 74 of 75
Case 3:24-cv-01284-JAM    Document 1-1    Filed 08/02/24    Page 27 of 69

13

1        thought before I issue a decision, so don't expect it

2        to come out imminently.  But I thank you for your

3        participation.  If there's nothing further, the Court

4        will stand in recess.

```
HHB-CV24-6084243-S           :   SUPERIOR COURT

TOWN OF ROCKY HILL,          :   JUDICIAL DISTRICT OF NEW BRITAIN
ET AL

v.                           :   AT NEW BRITAIN, CONNECTICUT

STEPHEN CAMPBELL             :   MAY 13, 2024
MCCULLOUGH, ET AL
```

C E R T I F I C A T I O N

I hereby certify the foregoing pages are a true and
correct transcription of the audio recording of the above-
referenced case, heard in Superior Court, Judicial District of
New Britain, New Britain, Connecticut, before the Honorable
Robert Young, Judge, on the 13th day of May, 2024.

Dated this 24th day of May, 2024 in Danielson,
Connecticut.

_____
Erin Baxter
Court Recording Monitor Trainee