AC 48503, HFH-CV24-6030117-S          **3:25-CV-00330-OAW**

COMMERCIAL FUNDING LLC )   UNITED STATES DISTRICT COURT

V.                    )          FOR THE

                      )   DISTRICT COURT OF CONNECTICUT

STEPHEN C. MCCULLOUGH   )          MARCH 07, 2025


## OBJECTION TO MOTION TO DISMISS


### A. Brief History

Plaintiff filed Motion to Dismiss in Connecticut Appellate Court # AC48503 on
February 25, 2025. The Appellate Docket reflects a February 7, 2025 Judgment
date, (stemming from Judge Lopez denial to reopen the matter stemming from a
judgment of possession and default at 9:04am in chambers on January 30, 2025,
after plaintiff filed motion for such on January 27, 2025). The defendant timely
(within 5 days excluding Sunday and the holiday) filed a motion for waiver of
fees (#172.00), on February 14, 2025, for both the appellate filing fee and cost of
transcripts on appeal. On February 18, 2025 Judge Lopez granted the appellate
filing fee, but not the transcripts fee and left that checkbox blank. Within 5 days
of that day (minus the intervening Sunday) defendant timely filed the appeal
February 24, 2025 (#177.00). In the intervening time, defendant filed a second
motion for waiver of fees (#176.00) for just the transcripts on February 21, 2025
as was suggested by the head clerk Sue, instead of filing a Motion for Review in

Appellate Court under Practice Book §66-6 which would have taken significantly longer; Judge Lopez granted the waiver for transcripts on February 24, 2025. (5 days after this date would have yielded Saturday March 1, a day court is closed, which would have extended the filing deadline until Monday March 3, 2025.)

Also of note is during the intervening time, defendant on February 14, 2025 filed Application for Certification Pursuant to G.S. § 52-265a in Cases of Substantial Public Interest in Supreme Court (# SC240179); this was denied without judicial memorandum on February 20, 2025.

## B. Specific Facts and Legal Grounds Relied Upon

The plaintiff's motion is very similar to the one he filed in trial court # HFH-CV24-6030117-S, Motion to Compel Clerk to Issue Execution (#180.00) on the very same day 02/25/25; Section B. is a carbon copy of that entire motion minus the first sentence and the last sentence. He appears to be shopping in two jurisdictions at once; that motion is not one of the one's allowed in trial court, once a case has been removed to Appellate Court.

Judge Cristina Lopez has just become a Connecticut judge in September of 2024 and has already made multiple very unusual and landmark decisions: 1) allowing a non-landlord/tenant case, where defendant claims ownership, and no quiet title, involving fraud, and 13 year complex legal history, to proceed in Summary Housing Court, 2) denying a motion to strike a complaint that bases an owner's right or privilege to live in his house expires on the day of a tax sale auction, as opposed to six months later when the redemption period ends, going against many decades of practice, and creating basis for havoc when families have to leave their house and then move back in after redeeming, and 3) allowing a public official (appointed by the governor, and second most senior member of Connecticut Advisory Council on Housing Matters, whose membership includes privileged access to judges, mediators, head clerks, and ability to influence the same with official publication archived in the State Library) to take on housing matters for pay. These monumental and landmark decisions were also issued with absolutely

no judge's memorandum at all in the motion to dismiss for subject matter jurisdiction, motion to transfer (out of Summary Court), motion to strike, and motion to disqualify; plaintiff did not even have to submit a written objection to the motion to dismiss.  When all this goes your way, it is no surprise that plaintiff's attorney attempts to solicit favoritism from the trial court to prejudicially influence the higher court, and storms forward in the trial court as if no appeal has happened.

For similar reasons as in defendant's objection to the Motion to Compel Clerk to Issue Execution, he claims that the accepted practice, since at least 1978, in the Connecticut Practice Book, excludes the time need to apply for waiver of fees, costs, and expenses, on appeal, and the time to have them ruled upon is excluded within the time to appeal.

P.B. §63-1(c)(1) **How new appeal period is created** bottom paragraph states:

**"If, within the appeal period, any motion is filed, pursuant to Section 63-6 or 63-7, seeking waiver of fees, costs and security or appointment of counsel, a new twenty day appeal period *or statutory period for filing the appeal* shall begin on the day that notice of the ruling is given on the last such outstanding motion**. If a party files, pursuant to Section 66-6, a motion for review of any such motion, the new appeal period shall begin on the day that notice of the ruling is given on the motion for review."

P.B. §63-6: "If a party in any case where fees and costs may lawfully be waived is indigent and desires to appeal, that party may, within the time provided by the rules for taking an appeal, make written application to the trial court for relief from payment of fees, costs and expenses … **The court may not consider the relative merits of a proposed appeal** in acting upon an application pursuant to this section except that the court may consider the criteria contained in General Statutes § 52-259b."

Also, P.B. §63-2: "In determining the last day for filing any documents, the last day shall, and the first day shall not, be counted."

The practice book recognizes some types of cases have different appeal periods. The only difference between a Summary Process and a normal appeal is that the "statutory period for filing the appeal" is now five days (exclusive of Sundays & legal holidays) instead of twenty.  Defendant timely filed his motion for waiver of fees, on the standardized form JD-CV-120, pursuant to §63-6, on February 14, 2025, within the five-day period (excluding a Sunday and legal holiday) from judgment on February 7, 2025.  The judge granted waiver of appellate entry fee on February 18, 2025, which gives rise to a new five-day time period.  Defendant then timely filed the appeal on Monday February 24, 2025.  This section has read very much the same for the last 47 years, since 1978, when it was §3007.  The plaintiff's attorney, who has been practicing since 1981 should know better, and appears to be soliciting prejudice and special treatment from the court

Further, the Practice Book reiterates this in the very next subsection §63-1(c)(2) where it states: "If, however, **a new appeal period arises due to the filing of a motion for waiver of fees, costs and security** …"

Prescott, <u>Connecticut Appellate Practice and Procedure</u> 8th ed. (2023) confirms:

**4-2:6.2d states:  "With the exception of child protection matters,[264]  if a motion for waiver of fees, costs or security is filed within the appeal period, or seeking appointment of counsel,[265] a new appeal period begins on the day that notice of the ruling is given on the last outstanding motion.[266]"**

**4-3:4.1 states:  "The application must be filed within the time for taking an appeal, [361] and it has the effect of postponing the appeal period until issuance of notice of the decision on the application.[362]"**

**6-2:5.3 states: "A trial judge is authorized to waive an appellant's filing fees and costs in appropriate cases.  Such a motion is akin to a motion to extend time to appeal in that both seek trial court dispensation from the usual**

**appeal procedure and both arise in the time period after judgment but before an appeal is filed."**

Further, the defendant, in that first waiver of fees, was effectively denied the transcript fees, when it was not ruled upon, and had to reapply again on February 21, 2025, and then granted on February 24, 2025. Realistically, defendant has had until March 3, 2025, (according to the five-day rule, and extended to next available court day) to file his appeal timely.

Also, P.B. §63-1(c)(1) states:

"If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion, except as provided for additur or remittitur in the next paragraph." …

"Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, **motions that seek: the opening or setting aside of the judgment**; a new trial; the setting aside of the verdict; judgment notwithstanding the verdict; reargument of the judgment or decision; collateral source reduction; additur; remittitur; or any alteration of the terms of the judgment." RAP Horton *Connecticut Rules of Appellate Procedure* §63-1

Lastly, in both cases cited by the plaintiff, are not adequate representative of the legal issues. In the first entry on the docket, the Appeal Form, shows there was no motion or application for waiver of fees. In both cases, it was the landlord/plaintiff who sought the appeal. In the first case, <u>Centrix Management Company, LLC v. Fosberg</u>, 218 Conn 206 (2023), the appeal was accepted, not rejected, for being timely, and defendant's motion to dismiss denied. Final judgment was on September 21, 2022 and appeal filed on October 7, 2022 (p. 209) – thus showing there are exceptions to this rule. In the second case, <u>Ansonia Housing Authority v. Parks</u>, 211 ConnApp 528 (2022), plaintiff/landlord/appellant filed his Motion to Reargue some **nineteen** days after judgment which deemed that motion untimely and unable for appellate court to

review. It should be noted though in fn[4], that in counting of days, the
intervening Sunday did not count, and thus had given him **six**, instead of **five**
days, for the appeal period.

This is not a motion that requires an evidentiary hearing by the trial court.
Likewise, this motion to dismiss goes against decades of practice regarding fee
waivers, and should be denied.

DATED: this 7th day of March, 2025

Stephen C. McCullough
Defendant/Applicant

| | | | | |
|---|---|---|---|---|
| 145.00 | 11/15/2024 | P | **OBJECTION TO MOTION** 🗐<br>Objection to Motion to Strike<br>*RESULT:* Sustained 12/16/2024 HON CRISTINA LOPEZ | No |
| 145.10 | 12/16/2024 | C | **ORDER** 🗐<br>*RESULT:* Sustained 12/16/2024 HON CRISTINA LOPEZ | No |
| 146.00 | 11/18/2024 | P | **MOTION FOR SUMMARY JUDGMENT** 🗐<br>*RESULT:* Denied 1/10/2025 HON CRISTINA LOPEZ | Yes |
| 146.10 | 01/10/2025 | C | **ORDER** 🗐<br>*RESULT:* Denied 1/10/2025 HON CRISTINA LOPEZ | No |
| 147.00 | 11/18/2024 | P | **MEMORANDUM IN SUPPORT OF MOTION** 🗐<br>In Support of Motion for Summary Judgment | No |
| 148.00 | 11/18/2024 | P | **AFFIDAVIT** 🗐<br>In Support of Motion for Summary Judgment | No |
| 149.00 | 12/16/2024 | D | **REPLY** 🗐<br>to Objection to Motion to Strike<br>**Last Updated:** Additional Description - 12/16/2024 | No |
| 150.00 | 12/20/2024 | P | **MOTION FOR JUDGMENT** 🗐<br>Motion for Judgment for Possession for Failure to Plead JD-HM-10 | No |
| 151.00 | 12/30/2024 | D | **OBJECTION TO MOTION** 🗐<br>Obj. to Motion for Default for Failure to Plead | No |
| 152.00 | 12/30/2024 | D | **MOTION FOR EXTENSION OF TIME TO PLEAD** 🗐<br>**Last Updated:** Party Type - 12/31/2024 | No |
| 153.00 | 12/31/2024 | P | **OBJECTION TO MOTION FOR EXTENSION OF TIME** 🗐<br>Objection to Motion for Extension of Time #152.00 | No |
| 154.00 | 12/31/2024 | P | **REPLY** 🗐<br>Reply to Objection to Motion for Judgment for Failure to Plead | No |
| 155.00 | 01/02/2025 | D | **REPLY** 🗐<br>REPLY TO OBJECTION | No |
| 156.00 | 01/03/2025 | D | **OBJECTION TO MOTION** 🗐<br>FOR SUMMARY JUDGMENT (MCCULLOUGH, STEPHEN) | No |
| 157.00 | 01/06/2025 | D | **AFFIDAVIT** 🗐 | No |
| 158.00 | 01/07/2025 | P | **MOTION FOR JUDGMENT OF DEFAULT FOR FAILURE TO PLEAD AND POSSESSION SUMMARY PROCESS** 🗐<br>*RESULT:* Denied 1/10/2025 HON CRISTINA LOPEZ | No |
| 158.10 | 01/10/2025 | C | **ORDER** 🗐<br>*RESULT:* Denied 1/10/2025 HON CRISTINA LOPEZ | No |
| 159.00 | 01/07/2025 | P | **REPLY** 🗐<br>Reply to Objection to Motion for Summary Judgment | No |
| 160.00 | 01/27/2025 | P | **MOTION FOR JUDGMENT OF DEFAULT FOR FAILURE TO PLEAD AND POSSESSION SUMMARY PROCESS** 🗐<br>*RESULT:* Granted 1/30/2025 HON CRISTINA LOPEZ | No |
| 160.10 | 01/30/2025 | C | **ORDER** 🗐<br>*RESULT:* Granted 1/30/2025 HON CRISTINA LOPEZ | No |
| 161.00 | 01/30/2025 | C | **JUDGMENT OF POSSESSION - WHERE ONE ORIGINALLY HAD THE RIGHT OR PRIVILEGE IS NOW TERMINATED**<br>*RESULT:* HON CRISTINA LOPEZ | No |
| 162.00 | 01/30/2025 | C | **NOTICE TO ALL PARTIES** 🗐 | No |
| 163.00 | 01/30/2025 | P | **SUMMARY PROCESS EXECUTION FILED** 🗐 | No |
| 164.00 | 02/05/2025 | D | **MOTION FOR WAIVER** 🗐<br>*RESULT:* Granted 2/5/2025 HON CRISTINA LOPEZ | No |
| 165.00 | 02/05/2025 | D | **MOTION TO OPEN JUDGMENT - HOUSING** 🗐<br>*RESULT:* Denied 2/7/2025 HON CRISTINA LOPEZ | No |

| 165.10 | 02/07/2025 | C | ORDER 🗐<br>*RESULT:* Denied 2/7/2025 HON CRISTINA LOPEZ | No |
|---|---|---|---|---|
| 166.00 | 02/05/2025 | D | ANSWER AND SPECIAL DEFENSE 🗐 | No |
| 167.00 | 02/06/2025 | D | AMENDED ANSWER AND SPECIAL DEFENSE 🗐<br>STEPHEN MCCULLOUGH | No |
| 168.00 | 02/06/2025 | D | MEMORANDUM IN SUPPORT OF MOTION 🗐<br>MEMORANDUM IN SUPPORT OF MOTION TO OPEN | No |
| 169.00 | 02/06/2025 | P | REPLY TO SPECIAL DEFENSE 🗐<br>Denial of Special Defenses | No |
| 170.00 | 02/06/2025 | P | OBJECTION TO MOTION 🗐<br>Objection to Motion to Open | No |
| 170.10 | 02/07/2025 | C | ORDER 🗐<br>*RESULT:* Sustained 2/7/2025 HON CRISTINA LOPEZ | No |
| 171.00 | 02/13/2025 | D | NOTICE 🗐<br>Application for Certification to Supreme Court | No |
| 172.00 | 02/14/2025 | D | MOTION FOR WAIVER 🗐<br>*RESULT:* Granted 2/18/2025 HON CRISTINA LOPEZ | No |
| 173.00 | 02/19/2025 | P | MOTION FOR ORDER 🗐<br>Motion to Prospectively Terminate Appellate Stay | No |
| 174.00 | 02/20/2025 | C | APPEAL TO SUPREME COURT ALL FEES PAID 🗐<br>Pre Appeal Application for Certification Denied | No |
| 175.00 | 02/20/2025 | C | SUPREME COURT DECISION APPEAL DISMISSED<br>*RESULT:* BY THE CLERK | No |
| 176.00 | 02/21/2025 | D | MOTION FOR WAIVER 🗐 ! NEW<br>for transcripts<br>*RESULT:* Granted 2/24/2025 HON CRISTINA LOPEZ | No |
| 177.00 | 02/24/2025 | C | APPEAL TO APPELLATE COURT 🗐 ! NEW | No |
| 178.00 | 02/24/2025 | D | OBJECTION 🗐 ! NEW<br>to Motion to Prospectively Term. Appellate Stay | No |
| 179.00 | 02/25/2025 | P | REPLY 🗐 ! NEW<br>Reply Re: Motion to Prospectively Terminate Appellate Stay | No |
| 180.00 | 02/25/2025 | P | MOTION FOR ORDER 🗐 ! NEW<br>Motion to Compel Clerk to Issue Execution | No |
| 181.00 | 02/26/2025 | P | WITHDRAWAL OF MOTION 🗐 ! NEW<br>#126.00 Motion for Order - Use & Occupancy | No |
| 182.00 | 02/26/2025 | P | CASEFLOW REQUEST (JD-CV-116) 🗐 ! NEW<br>*RESULT:* Denied 2/26/2025 HON CRISTINA LOPEZ | No |
| 182.10 | 02/26/2025 | C | ORDER 🗐 ! NEW<br>*RESULT:* Denied 2/26/2025 HON CRISTINA LOPEZ | No |
| 183.00 | 02/28/2025 | P | DISCLOSURE OF EXPERT WITNESS 🗐 ! NEW<br>Alan Budkofsky | No |
| 184.00 | 02/28/2025 | P | DISCLOSURE OF EXPERT WITNESS 🗐 ! NEW<br>Kyle O'Hehir | No |
| 185.00 | 02/28/2025 | D | OBJECTION TO MOTION 🗐 ! NEW<br>TO COMPEL CLERK TO ISSUE<br>EXECUTION(MCCULLOUGH, S.) | No |
| 186.00 | 03/04/2025 | D | NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT 🗐<br>! NEW | No |

**Scheduled Court Dates as of 03/06/2025**

HFH-CV24-6030117-S - COMMERCIAL FUNDING, LLC v. MCCULLOUGH, STEPHEN CAMPBELL Et Al

# CERTIFICATION

I, Stephen C. McCullough, plaintiff pro se, hereby certify: that a true copy of the foregoing Objection to Motion to Dismiss, has been sent to all counsel of record in compliance with Practice Book §62-7 on March 7, 2025; that copy sent by mail and electronically to:

HOUSTON PUTNAM LOWRY

FORD & PAULEKAS LLP

280 TRUMBULL ST

HARTFORD, CT 06103

Phone (860)808-4213, Fax (860)249-7500 email: ptl@HPLowry.com

This document does not contain any names or other personal identifying information that is prohibited from disclosure by rule, statute, court order, or case law; and that this document complies with all applicable rules of appellate procedure.  No deviations were requested.

Dated this 26th day of February, 2025

Stephen C. McCullough
Applicant/Defendant